**Gordon SEID, Plaintiff,**

v.

**PACIFIC BELL, INC., et al.,
Defendants.**

Civ. No. 85–0021–E.

United States District Court,
S.D. California.

March 1, 1985.

Alan Anzarouth, San Diego, Cal., for plaintiff.

Bart Kimball, John Keiser, Tony R. Skogen, Los Angeles, Cal., for defendants.

## MEMORANDUM DECISION

ENRIGHT, District Judge.

### BACKGROUND

Plaintiff brings this action for wrongful discharge and related torts against Pacific Bell, Inc., and two of its employees. Neither of the individual defendants appear to have been served with process and are not presently before the court.

On January 3, 1984, defendant Pacific Bell, Inc. (herein "Pacific Bell") removed this matter from state court on grounds of federal preemption. Specifically, Pacific Bell persuades that plaintiff's employment relationship was, and is, covered by a collective bargaining agreement, and that claims arising therefrom are governed by Section 301 of the Labor Management Relations Act, as amended, 29 U.S.C. § 185. On February 19, 1985, this court heard argument on defendant's motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.

### FACTS

On October 12, 1983, Pacific Bell discharged plaintiff, a sales representative for Pacific Bell Yellow Pages, for misconduct purportedly involving unauthorized and unethical sales tactics. After intervention by the Equal Employment Opportunities Commission, defendant rehired plaintiff on February 13, 1984. Plaintiff was not paid for his four month forced absence, however. On October 23, 1984 he filed this action for wrongful discharge, breach of the implied covenant of good faith and fair dealing, intentional infliction of emotional distress, defamation, interference with contractual relations, and negligence. He seeks lost earnings of $28,000.00, general and punitive damages.

### DISCUSSION

■ Section 301 of the Labor Management Relations Act vests original jurisdiction in the United States District Court over all suits arising out of a collective bargaining relationship. Federal labor law developed pursuant to Section 301 preempts or displaces competing state law claims. *Republic Steel Corp. v. Maddox,* 379 U.S. 650, 657, 85 S.Ct. 614, 618–19, 13 L.Ed.2d 580 (1965). Where a claim asserts an injury arising from a relationship governed by a collective bargaining agreement, there is but one federal remedy for breach of the collective bargaining agreement. *Olguin v. Inspiration Consol. Copper Co.,* 740 F.2d 1468, 1472 (9th Cir.1984).

■ By careful pleading a plaintiff cannot avoid federal preemption. Federal courts accordingly recharacterize complaints which omit federal law essential to a claim, or which cast in state law terms a claim that can be made only under federal law. *Fristoe v. Reynolds Metals Co.,* 615 F.2d 1209 (9th Cir.1980).

> Mere omission of reference to LMRA § 301 in the complaint does not preclude federal subject matter jurisdiction. The court's recharacterization of [plaintiff's] complaint as one arising under § 301 is required by federal law.... When principles of federal labor law are involved, they supersede state ... theories. (citations omitted).

*Id.* at 1212; *accord Buscemi v. McDonnell Douglas Corp.,* 736 F.2d 1348, 1351 (9th Cir.1984); *Olguin v. Inspiration Consol. Copper Co., supra,* at 1473.

The instant complaint, removed from state court and alleging only state claims, avoids reference to Section 301 or a collec-

tive bargaining agreement. Plaintiff, however, does not contest defendant's showing that his position was, and is, governed by the collective bargaining agreement between Pacific Bell and the International Brotherhood of Electrical Workers, Local 2139. Accordingly, as discussed in detail below, defendant persuades that each cause of action is properly recharacterized as a single Section 301 claim, which claim is both time barred and deficiently pleaded.

### Wrongful Discharge and Bad Faith

■ The First and Second Causes of Action allege breach of an implied employment contract, and breach of the covenant of good faith and fair dealing, respectively. Precedent is clear that where a relationship is otherwise governed by a collective bargaining agreement, these state law theories are preempted, and subject to recharacterization as a Section 301 claim for breach of the collective bargaining agreement. *See, e.g., Fristoe v. Reynolds Metals Co., supra,* at 1212; *Olguin v. Inspiration Consol. Copper Co., supra,* at 1474–75.

■ Plaintiff fails to satisfy certain mandatory prerequisites to maintaining this action as a Section 301 claim, however. If a unit employee is covered by a collective bargaining agreement providing for mandatory arbitration of grievances, he may only bring an action against his employer if he shows that he exhausted his arbitration remedy, and that his union violated its fair representation duty in processing his grievance.

> When a collective bargaining agreement provides that arbitration will be the exclusive remedy for employee grievances, an employee may not bring an action against the employer in lieu of seeking arbitration. *Vaca v. Sipes,* 386 U.S. 171 [87 S.Ct. 903, 17 L.Ed.2d 845] (1967). Courts have recognized an exception to this rule: when the employee can show that the union breached its duty of fair representation by failing to pursue arbitration, the employee's action is not

barred. *Vaca v. Sipes, supra,* at 186 [87 S.Ct. at 914–15]. . . .

The collective bargaining agreement between Pacific Bell and the International Brotherhood of Electrical Workers, Local 2139, provides for mandatory grievance arbitration. Because plaintiff alleges neither exhaustion of this arbitration remedy, nor breach by his union of its representation duty, to the extent this action is recharacterized as a Section 301 claim, it must be dismissed.

■ Plaintiff contends that his wrongful discharge cause of action is not preempted under the exception recognized in *Garibaldi v. Lucky Food Stores, Inc.,* 726 F.2d 1367 (9th Cir.1984). That is, plaintiff directs the court's attention to paragraph nine of his complaint wherein he alleges in conclusory terms that his termination was "against public policy." A conclusory allegation of discharge in violation of public policy, without more, however, does not permit plaintiff to invoke an implied employment contract in place of the collective bargaining agreement and the grievance arbitration mechanism. *See Buscemi v. McDonnell Douglas Corp.,* 736 F.2d 1348, 1350 (9th Cir.1984).

The complaint herein is devoid of factual allegations charging defendant with conduct offending public policy, as in *Tameny v. Atlantic Richfield Co.,* 27 Cal.3d 167, 164 Cal.Rptr. 839, 610 P.2d 1330 (1980), where an employee was discharged for refusal to participate in a price-fixing activity, or as in *Garibaldi v. Lucky Food Stores, Inc.,* 726 F.2d 1367 (9th Cir.1984), where an employee was discharged for reporting a shipment of adulterated milk to health officials. The exception recognized in *Garibaldi v. Lucky Food Stores* is inapposite.

■ To the extent this action is recharacterized as a Section 301 claim, it is alternatively subject to dismissal as time barred by the six month statute of limitations announced in *DelCostello v. International Brotherhood of Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983).

Plaintiff was discharged on July 5, 1983. He was reinstated on February 13, 1984. Taking the latter as the relevant date, the statute of limitations expired more than two months prior to the October 23, 1984 filing herein.[1]

### Related State Torts

The remaining causes of action seek relief for conduct related to, and arising out of, the alleged wrongful discharge. They are based on theories of common law negligence, defamation, interference with contractual relations, and intentional infliction of emotional distress. As discussed below, these causes of action are subject to federal preemption and are accordingly dismissed.

Common law torts that accompany a Section 301 action and arise out of the investigation proceedings leading up to the discharge are said to be covered by a collective bargaining agreement's grievance arbitration mechanism. *Olguin v. Inspiration Consol. Copper Co., supra,* at 1475; *Beers v. Southern Pacific Transportation Co.,* 703 F.2d 425 (9th Cir.1983); *Magnuson v. Burlington Northern, Inc.,* 576 F.2d 1367 (9th Cir.1978). As previously discussed, where a grievance arbitration mechanism governs employment disputes, arbitration and a Section 301 action provide exclusive remedies, with narrow public policy exceptions not applicable here. *Fristoe v. Reynolds Metals Co., supra,* at 1212; *Olguin v. Inspiration Consol. Copper Co., supra,* at 1475.

■ The instant negligence, defamation, and intentional infliction of emotional distress claims are all predicated on statements and conduct concerning the investigation of events leading up to plaintiff's contested discharge. Those events, the charges arising therefrom, and the subsequent investigation are intertwined with labor-management relations, and are subject to grievance arbitration under the collective bargaining agreement. Accordingly,

those state tort claims are preempted and dismissed.

This finding is compelled by the holding in *Olguin v. Inspiration Consol. Copper Co.* There, plaintiff alleged against his employer a claim for intentional infliction of emotional distress in addition to allegations of wrongful discharge. The court held that federal labor laws and the collective bargaining agreement excluded this common law claim.

> Olguin has not shown that any of the acts alleged in his emotional distress complaint were not disputes concerning employment or work conditions.... The conduct of which Olguin complains is governed by federal law ... the federal labor laws, and the collective bargaining agreement—to the exclusion of state law.

*Olguin v. Inspiration Consol. Copper Co., supra,* at 1476; *accord Magnunson v. Burlington Northern, Inc., supra,* at 1369; *Beers v. Southern Pacific Transportation Co., supra,* at 427–28.

■ Similarly, plaintiff's claim for interference with contractual relations is also preempted. Plaintiff contends that Pacific Bell is vicariously liable for its agents' interference with his enjoyment of his employment contract. The offending conduct allegedly arose out of the report and investigation which resulted in discharge.

Without addressing the need for showing a contract with a third party, the only contract instantly recognized is the collective bargaining agreement. To the extent that plaintiff attempts to hold Pacific Bell vicariously liable for injury flowing from that agreement's breach, the claim must be recharacterized as one pursuant to Section 301 of the Labor Management Relations Act. As such, it must be dismissed as time barred and deficiently pleaded as set forth above.

■ In the alternative, the state law claims for defamation and negligence ap-

---

1. Under the instant circumstances, *DelCostello* appears retroactively applicable. *Buscemi v.*

*McDonnell Douglas Corp., supra,* at 1351, n. 2.

pear time barred even absent federal preemption. Section 340(3) of the California Code of Civil Procedure provides a one year statute of limitations for those torts. The alleged offending conduct occurred on or prior to plaintiff's October 13, 1983 discharge. The complaint, however, was not filed until more than one year later, or on October 23, 1984.

## CONCLUSION

Upon due consideration of the parties' memoranda and exhibits, the arguments advanced at the hearing, and for the reasons set forth herein, the court grants defendant Pacific Bell's motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.