**James DURRETTE, Plaintiff,**

**v.**

**UGI CORPORATION, Defendant.**

**Civ. No. 87–1147.**

United States District Court,
M.D. Pennsylvania.

Nov. 5, 1987.

Richard W. Rogers, Norristown, Pa., for plaintiff.

Elizabeth A. Dougherty, Norman I. White, Harrisburg, Pa., for defendant.

## MEMORANDUM AND ORDER

CONABOY, District Judge.

*Procedural History*

Plaintiff, James Durrette, initiated this action by filing a complaint in the Court of Common Pleas of Luzerne County, Pennsylvania, on July 10, 1987. The complaint was served on the Defendant, UGI, on July 17, 1987. On August 14, 1987, the Defendant petitioned to remove this case to federal court on the ground that Plaintiff's claims are governed by the Collective Bargaining Agreement between the Defendant, Plaintiff's former employer, and the Utility Workers of America, Local 262, Plaintiff's union. Section 301 of the Labor Management Relations Act gives federal court subject matter jurisdiction over claims governed by collective bargaining agreements.

On August 21, 1987, Defendant filed a motion to dismiss the Plaintiff's complaint. Plaintiff filed a brief in opposition to the Defendant's motion, and Defendant filed a reply brief on October 22, 1987. For the reasons that follow, we will grant the Defendant's motion to dismiss this complaint and order that the Clerk of Courts close this case.

*Facts*

Plaintiff was an employee of the Defendant at its Kingston, Pennsylvania facility from approximately 1980 to his termination on August 14, 1986. During that time, the Plaintiff performed various duties as a custodial worker and coal handler, and most recently, as a mechanic. Plaintiff states that on July 31, 1986 he was injured at work when he attempted to lift a trap door from a scale. Plaintiff claims that agents of the Defendant interfered with his attempt to arrange and keep a medical appointment in the days following his injury. Moreover, the Defendant allegedly demanded that Plaintiff sign a document related to previous unexcused absences from employment. Plaintiff argues that these demands were calculated to chill the Plaintiff's attempt to seek medical attention for his injuries as well as convey to the Plaintiff that his job was in jeopardy for any future absences which the company deem meritless. It appears that the Plaintiff refused to sign the company documents. As a result, the Defendant, on August 14, 1986, terminated the Plaintiff's employment on the grounds of insubordination.

Plaintiff currently avers that the Defendant used this "signing requirement" only to create a false controversy so that Defendant could terminate the Plaintiff's employment.

Plaintiff maintains that he was wrongfully discharged contrary to the public policy of the Commonwealth of Pennsylvania; that the Defendant acted with specific intent to harm him; that the Defendant slandered him; and that they inflicted emotional distress upon him.

Defendant argues in its motion to dismiss that the Plaintiff's claims are governed by the terms of the collective bargaining agreement and are preempted by federal law—specifically, Section 301 of the Labor Management Relations Act. The Defendant further indicates that even were we to recharacterize Plaintiff's claims as brought under Section 301 of the Labor Management and Relations Act, we would nevertheless be required to dismiss this case because plaintiff does not aver that the union failed to properly prosecute his grievance.

## ANALYSIS

This case turns on the question of whether the Plaintiff has raised state law claims sufficiently distinct from the collective bargaining agreement so that those claims would not be preempted by Sections 301 of the Labor Management and Relations Act (codified at 29 U.S.C. § 185). The Defendant argues in its motion to dismiss that although the Plaintiff attempts to aver state tort law causes of action for wrongful discharge, slander, and intentional infliction of emotional distress, in reality Plaintiff's claims are governed by the collective bargaining agreement between the Defendant and the Plaintiff's union. Defendant argues that the determination of whether the Plaintiff's termination was wrongful or unjust would necessarily require an interpretation of the collective bargaining agreement. Defendant states:

> The gist of Plaintiff's complaint is a claim for relief due to UGI allegedly tortious behavior in accusing Plaintiff of too many unexcused absences and in creating "controversy and confrontations with the Plaintiff as a contrived justification to terminate" his employment by requiring him to sign certain documents. Complaint, ¶ 8. Clearly, the signing requirement, the number of unexcused absences permitted, and the whole question of whether Plaintiff was wrongfully discharged, are all issues that must be examined through an interpretation of the terms of the collective bargaining agreement. Furthermore, and in addition to Plaintiff's "violation of public policy" contentions in Count I, Plaintiff's allegations as to Counts II, III, and IV regarding specific intent to harm, defamation, and infliction of emotional stress all referred to, and are intertwined with, the circumstances surrounding his termination.

Document 6 at pp. 8 and 9.

Defendant further points out that the parties, when entering into the collective bargaining agreement, foresaw that various disputes, such as this, would occur. Accordingly, the parties incorporated specific provisions relating to discharge, and provided for specific mandatory and binding grievance and arbitration procedures for all disputes or disagreements arising out of the application of the collective bargaining agreement. By virtue of these facts, Defendant maintains that the instant complaint is governed by the terms of the collective bargaining agreement and are either preempted by section 301 of the Labor Management Relations Act, or the complaint represents a single claim for a federal remedy under § 301 which fails to state a claim as a matter of law.

In response, the Plaintiff points out that not every state law suit asserting a right that relates in some way to a provision in the collective bargaining agreement necessarily is preempted by § 301 of the Labor Management Relations Act. Plaintiff relies on two cases with arguably similar fact patterns to bolster his assertion that the instant claims are not preempted by § 301.

Specifically, the Plaintiff relies on two decisions that allowed for a wrongful discharge action where there existed state statutes precluding employers from discharging or discriminating against both "union" and "at will" employees because the employees sought to exercise their Workmen's Compensation rights. For instance, in *Herring v. Prince Macaroni of New Jersey, Inc.,* 799 F.2d 120 (3d Cir. 1986), our Third Circuit predicted that with respect to discharges in retaliation for filing Workmen's Compensation claims, the New Jersey Supreme Court would extend an individual right of action for damages to contractual employees covered by "just cause" clauses. The court found that where the legislature had declared an employment practice unlawful as to all employees, and the New Jersey courts have recognized an action at law to enforce that declaration, it would be unlikely for union employees to be relegated to only the remedies provided for under the collective bargaining agreement for such violations.

Similarly, the Court in *Baldracchi v. Pratt & Whitney,* 814 F.2d 102 (2d Cir. 1987) was confronted with an employee's action under a Connecticut statute which prohibited employers from discharging an

employee for filing a claim for Workmen's Compensation benefits. The statute further provided civil remedies for violation of the statute and indicated that no labor contract would relieve an employer of any obligation created by the statute. The Court held that such a statute applied both to union employees as well as employees at will and, accordingly, the statute provided rights independent of the collective bargaining agreement which were not preempted by § 301 of the Labor Management and Relations Act.

Defendant asserts, however, that the cases relied upon by the Plaintiff are not applicable in the instant situation. Defendant maintains that the aforementioned decisions were based on the provisions of state statutes which specifically provided both union employees and employees at will with a cause of action for wrongful discharge when the employee is terminated for exercising his Workmen's Compensation rights; yet no such statute exists in Pennsylvania. Defendant points out that on the contrary, the Pennsylvania Superior Court recently held that a union employee may not maintain an action for the tort of wrongful discharge under circumstances similar to those in the instant case.

In *Phillips v. Babcock and Wilcox,* 349 Pa.Super. 351, 503 A.2d 36 (1986) *app. denied,* 513 Pa. 641 (1987), a union employee filed a claim in the Court of Common Pleas of Beaver County alleging that he was discharged in retaliation for filing a Workmen's Compensation claim. The Superior Court affirmed the trial court's grant of summary judgment in favor of the employer, holding that an action for the tort of wrongful discharge is available only when the employment relationship is at will. The Court stated:

> Appellant seeks to have us extend the coverage of this judicially created protection [*i.e.,* a wrongful discharge claim] and declare the cause of action available to union employees who are otherwise protected from wrongful discharge by collective bargaining agreements. Appellant advances his position on the assumption that the intent behind the development of the cause of action was to

uphold public policy and provide a remedy to those who were injured by an employer's disregard of such policy. However, the wrongful discharge cause of action was never intended to provide a forum to vindicate public policy and punish those who deviate from it. . . .

> . . . the Court's purpose was to provide a remedy for employees with no other recourse against wrongful discharge.

> Appellant and all like situated employees are not without recourse when faced with indiscriminate discharge even when the discharge violates public policy. The collective bargaining agreement in the instant case provides protection against suspension or discharge without "proper cause." Surely, in pursuing a grievance under the provisions of the agreement, if appellant can show that his discharge was in retaliation for his filing a Workmen's Compensation claim, he will have proved that his discharge was not for "proper cause." It would appear, therefore, that appellant will then be entitled to the remedies provided in the agreement. . . .

> . . . Finally, in deciding not to extend the wrongful discharge action to employees who are otherwise protected by contract or statute, we must take into consideration the strong public policy which favors the right of parties to enter into contracts. In the instant case, the union and appellee in their agreement decided the remedies that would be available, and provided that those remedies would be final and binding. This intent is expressly set forth in the agreement and, therefore, the remedies available should be preclusive of any others. *Aughenbaugh v. North American Refractories Company,* 426 Pa. 211 [231 A.2d 173] (1967). Therefore, because the wrongful discharge action in Pennsylvania was judicially created to protect otherwise unprotected employees from indiscriminate discharge and to provide unorganized workers a legal redress against improper action by their employers, we hold that an action for the tort of wrongful discharge is available only when the employment relationship is at will.

*Phillips v. Babcock & Wilcox, supra,* 349 Pa.Super. at 353–355, 503 A.2d 36.

■ The *Phillips* case makes it clear that a Pennsylvania tort action for wrongful discharge is available only when the employment relationship is at will, and directs a union employee to the protections afforded him under the grievance procedure of the collective bargaining agreement to remedy any wrongs.

■ When resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, the claim must either be treated as a § 301 claim or dismissed as preempted by federal labor-contract law. *Allis-Chalmers Corp. v. Lueck,* 471 U.S. 202, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985).

■ As such, § 301 of the National Labor Relations Act, 29 U.S.C. § 185, provides the exclusive remedy where a Pennsylvania employer wrongfully discharges a union employee against public policy, and Pennsylvania state tort claims of this sort are preempted by this section. Additionally, each of the claims arising out of and relating to the circumstances surrounding the Plaintiff's discharge are similarly preempted by § 301 of the Labor Management and Relations Act. Thus, Plaintiff allegations that he suffered severe emotional distress as a result of his termination and was slandered by statements made by Defendant's agents against him during the events surrounding his discharge are necessarily preempted by § 301 as they all relate to and are inextricably intertwined with the question of whether the Defendant properly discharged the Plaintiff. *See Farmer v. Carpenter Local 25,* 430 U.S. 290, 97 S.Ct. 1056, 51 L.Ed.2d 338 (1977); *Peoples v. Pa. Power & Light Company,* 638 F.Supp. 402 (M.D.Pa.1985); *Seid v. Pacific Bell, Inc.,* 635 F.Supp. 906 (S.D.Cal. 1985).

■ In our having made this finding, the Supreme Court in *Allis-Chalmers, supra,* directs us to either dismiss the complaint as preempted by § 301 or to recharacterize this action as a § 301 claim.

Generally, no employee protected by a collective bargaining agreement can sue the employer except after pursuing his grievance remedies under the contract, and either obtaining successful judicial review of the arbitration award, or establishing that his right of fair representation was violated. *See Costello v. United Parcel Service, Inc.,* 617 F.Supp. 123 (E.D.Pa. 1984). In the instant case, the Plaintiff makes it clear in his brief in opposition to the Defendant's motion that he has averred no distinct violation of the collective bargaining agreement. The Plaintiff has seemingly closed the door to this Court allowing the case to proceed as a claim under § 301 by asserting that his tort claims are distinct and have nothing to do with the collective bargaining agreement.

■ Even were we to recharacterize the Plaintiff's claims as § 301 claim, we agree with the Defendants that we would be required to dismiss the Plaintiff's claims. As the Court held in *Krushinski v. Roadway Express, Inc.,* 627 F.Supp. 934, 938 (M.D. Pa.1985), an employee protected by a collective bargaining agreement may sue his employer only after he has pursued the grievance remedies provided by the contract, and he establishes that his right of fair representation was violated. *See also Vosch v. Werner Continental, Inc.,* 734 F.2d 149 (3d Cir.1984). In the instant case, Plaintiff never alleges in his complaint that the union to fail to properly prosecute a grievance on his behalf, nor has the Plaintiff even alleged that he pursued the grievance remedies set forth in the collective bargaining agreement.[1]

In light of the foregoing, the Defendant's motion to dismiss the complaint will be granted.

---

1. Our review of this file, however, does in fact make it clear that the Plaintiff filed a grievance upon his termination. See Docket 4, Exh. (B). By decision of the arbitrator, Edward J. O'Connell, the grievance involving the question whether Mr. Durrette was unjustly discharged was denied.