**Thomas BAGBY, Jr., Plaintiff–Appellant,**

v.

**GENERAL MOTORS CORPORATION, Defendant–Appellee.**

No. 92–1047
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

July 16, 1992.

Holly Crampton, Wichita Falls, Tex., for plaintiff-appellant.

H. Carter Burdette, Cantey & Hanger, Fort Worth, Tex., for defendant-appellee.

Before JONES, DUHÉ, and WIENER, Circuit Judges.

PER CURIAM:

In this Texas diversity case, Plaintiff–Appellant Thomas Bagby, Jr., appeals a grant of summary judgment in favor of Defendant–Appellee General Motors Corporation (GM), in Bagby's state law defamation action arising from his temporary suspension from employment by GM. Finding no reversible error in the decision of the district court, we affirm.

## I.

## FACTS

Bagby is employed by GM and is a member of a collective bargaining unit, which operates in the plant under the terms set forth in the collective bargaining agreement (CBA) between GM and the UAW. Under the terms of the CBA, GM must follow specified procedures in disciplining workers, and workers with complaints about management must file grievances through the union and follow other specified procedures. According to the CBA, the company, the union, and employees who are members of the unit are not permitted to bring court actions against either or both of the other parties if the subject matter of the action has been or must be submitted to the grievance procedure set forth in the CBA.

On January 29, 1990, the labor relations coordinator at the GM plant was informed by the local police that a piece of equipment, which apparently belonged to GM, had been pawned at a local pawnshop. The pawn ticket bore Bagby's name and address. Following the applicable procedure set forth in the CBA, the coordinator called Bagby into her office (with a union representative present) and informed Bagby that the pawn ticket and the equipment had been brought to the coordinator's attention. After Bagby denied knowing anything about the equipment or the pawn ticket, he was temporarily suspended until GM could investigate the matter fully. At the conclusion of the meeting, Bagby was escorted out of the plant by a security guard. The escort was in accordance with company policy regarding temporary suspensions.

Five days later, following the completion of the investigation, Bagby was instructed to return to work. GM took no further action on the matter, and Bagby was paid all wages attributable to the period of his suspension. Bagby did not file a grievance under the CBA regarding the meeting or the temporary suspension.

Approximately five months after the incident, however, Bagby filed a complaint in state court, alleging several state law causes of action in connection with his temporary suspension. Essentially, Bagby asserted that GM defamed him and intentionally caused emotional distress by suspending him and having him escorted out of the factory. GM removed the case to federal court.[1] There, GM's motion for summary judgment was granted on findings of the district court that Bagby's state law claims were preempted by the Labor Management Relations Act (LMRA),[2] and that Bagby could not pursue his claims because he had failed to use the grievance procedure prescribed in the CBA. The state law defamation claim was dismissed because no showing had been made that GM's actions involved malice.

Bagby moved to amend his complaint to add several other state law claims. When that motion was denied, Bagby timely appealed.

---

**1.** *See* 28 U.S.C. §§ 1332, 1441 (1988).

**2.** 29 U.S.C. § 141 *et seq.* (1988).

## II.

### ANALYSIS

We agree with the decision of the district court because we find the facts in the instant case indistinguishable from those in *Strachan v. Union Oil Co.*[3] *Strachan* involved employees who had been charged by company officials with clear violations of the CBA; had been temporarily suspended under the terms of the CBA; had been reinstated soon after the investigation; had not filed grievances under the CBA; and had later filed state law causes of action arising from the actions of the company. In *Strachan,* we affirmed the summary judgment of the district court, holding that when the charged violations are clearly within the terms of the CBA and no grievance had been filed, the state law claims are preempted by the LMRA.

One of the assertions of the plaintiffs, in *Strachan* as in the instant case, was that the suspension and investigation procedure of the defendant employer had defamed them by virtue of other employees' learning of the investigations. In *Strachan* we stated: "To hold [a] company guilty of defamation for making such inquiries, even though they become known in the plant, would simply mean that the company could never undertake to investigate a possible disciplinary situation in routine and proper ways...."[4] The only fact that is different in Bagby's case is that he was escorted out of the plant by a security guard. Alone, the mere escorting of suspended workers out of the plant is not defamatory or indicative of malice. Here, there is no summary judgment evidence of unjustified or aggravating circumstances, such as handcuffing, drawing weapons, forcible ejection, or other factors that might elevate simple escorting to the level of defamation or malice.

In the instant case, Bagby asserts, as did the plaintiffs in *Strachan,* that the acts of management in causing Bagby to be suspended and to be escorted from the plant were acts of malice. But here, as in *Strachan,* "[a] careful review of [the] depositions which were before the court reveals not the slightest hint of malice with respect to ... appellant."[5]

Bagby also argues that summary judgment was improper because his "pleadings set forth a series of acts towards Plaintiff of an outrageous nature [and] a finding of malice can and does involve a consideration of the totality of the relevant circumstances." In *Celotex Corp. v. Catrett,*[6] however, the Supreme Court stated that unsupported allegations in pleadings are insufficient to prevent the grant of summary judgment. In the instant case, discovery had closed and there was nothing outside of the four corners of Bagby's pleadings to substantiate his allegation of GM's malice. Thus, it was not error for the district court to grant GM's motion for summary judgment.

Bagby does not cite the *Strachan* decision, asserting instead that the analysis controlling the instant case is to be found in cases such as *Jones v. Roadway Express, Inc.*[7] Our analysis in *Jones* is inapplicable in the instant case. In *Jones,* we held that in light of the United States Supreme Court's analysis in *Lingle v. Norge Div. of Magic Chef, Inc.,*[8] the adjudication of a claim for wrongful discharge under Texas law does not require an interpretation of the CBA and thus is not preempted by the LMRA.[9] Bagby, however, like the plaintiffs in *Strachan,* asserts that acts unquestionably taken in accordance with

---

**3.** 768 F.2d 703 (5th Cir.1985).

**4.** *Id.* at 706.

**5.** *Id.*

**6.** 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

**7.** 931 F.2d 1086 (5th Cir.1991). Bagby also cites *Kidd v. Southwest Airlines Co.,* 891 F.2d 540 (5th Cir.1990); *Windfield v. Groen Div., Dover Corp.,* 890 F.2d 764 (5th Cir.1989); and *Wells v. General Motors Corp.,* 881 F.2d 166 (5th Cir.1989), *cert. denied,* 495 U.S. 923, 110 S.Ct. 1959, 109 L.Ed.2d 321 (1990), in support of this proposition. We also find these cases unpersuasive.

**8.** 486 U.S. 399, 406–07, 108 S.Ct. 1877, 1881–82, 100 L.Ed.2d 410 (1988).

**9.** *Jones,* 931 F.2d at 1089–90.

provisions of the CBA were nonetheless tortious. These claims will obviously require an interpretation of the CBA. Thus, the *Lingle* and *Jones* analyses cannot be invoked to bar summary judgment in this case.

### III.

### CONCLUSION

Bagby failed to present any evidence that the actions of the GM officials involved malice. As his tort claims are barred by the LMRA, and as he failed to follow the CBA's grievance procedure, the district court's grant of summary judgment, under which Bagby takes nothing, is

AFFIRMED.