**John WEST, Plaintiff,**

v.

**FINA OIL & CHEMICAL COMPANY,
Defendant.**

**No. 1:00–CV–113.**

United States District Court,
E.D. Texas,
Beaumont Division.

Jan. 24, 2001.

Jill Swearingen Chatelain, Provost & Umphrey, Beaumont, TX, for Plaintiffs.

Stanley Weiner, Christine L. Palmer, Brian M. Jorgensen, Jones, Day, Reavis & Pogue, Dallas, TX, Gail Cucancic Jenkins, Jenkins, Grove & Martin, Beaumont, TX, for Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

SCHELL, District Judge.

Before the court is Plaintiff's Motion to Remand (Dkt.# 19) filed on September 1, 2000. Defendant filed its Memorandum in Opposition to Plaintiff's Motion to Remand (Dkt.# 24) on November 16, 2000. Upon consideration of the motion, response, and applicable law, the court is of the opinion that Plaintiff's Motion to Remand should be GRANTED.

### I. BACKGROUND

On January 11, 2000, Plaintiff brought this suit in the District Court of Jefferson County, Texas, alleging violations of Texas Labor Code section 451.001 for wrongful discharge and discrimination for Plaintiff filing workers' compensation claims. Plaintiff alleges that on September 15, 1994 he was served with a "Letter of Concern" outlining the Defendant's concerns with Plaintiff's absentee history and advising him that significant improvements must be made in his work attendance if he was to continue to be employed by Defendant. Plaintiff received this letter notwithstanding his position that his absentee record was attributable to injuries received while at work.

On April 17, 1998, Plaintiff sustained another work related injury for which he filed a workers' compensation claim. This injury caused Plaintiff to be absent from work for several months. Following this injury and workers' compensation claim, Plaintiff alleges that Defendant chose a course of discrimination, which included intimidation, coercion, and threats. Defendant also, allegedly, tried to get Plaintiff's doctors to change the work restrictions set for Plaintiff. Plaintiff resumed work on September 25, 1998 and continued to work until April 27, 1999 when Defendant told him it no longer had work for Plaintiff and effectively terminated his employment. Plaintiff alleges that he was removed from work even though Defendant had work that Plaintiff could perform.

Defendant removed this case on February 11, 2000 claiming that Plaintiff's claims were preempted by section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, because adjudication of Plaintiff's claims would require interpretation of the collective bargaining agreement ("CBA") in effect between Defendant and the Paper, Allied Industrial, Chemical & Energy Workers International Union and its Local Union No. 4–23 ("the Union"), of which Plaintiff is a member. On September 1, 2000, Plaintiff filed this motion to remand claiming that adjudication would not require an interpretation of the CBA and that claims based on workers' compensation laws are within the exclusive jurisdiction of the state courts. Defendant responded that, Plaintiff's claims are inextricably intertwined with the CBA and will require an interpretation of the CBA. The court must determine whether there is a basis for removal jurisdiction over this action.

### II. STANDARD FOR REMOVAL

■ Generally, a civil action filed in state court arising under the workers' compensation laws cannot be removed to

the District Court of the United States. *See* Title 28 U.S.C. § 1445(c). The Fifth Circuit has determined that this includes claims brought pursuant to Texas Labor Code section 451.001, under which this case is brought. *See Jones v. Roadway Express, Inc.* 931 F.2d 1086, 1092 (5th Cir .1991) ("Roadway"). However, a cause of action can still be removed and the court can exercise removal jurisdiction if the area of state law has been completely pre-empted by federal law. *See Baker v. Farmers Elec. Coop., Inc.*, 34 F.3d 274, 278 (5th Cir.1994).

■ "Controversies involving collective bargaining agreements, where section 301 of the LMRA, 29 U.S.C. § 185(a), provides the grounds for preemption, constitute such an area of preemption." *Id.* Section 301 of the LMRA provides:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce ... or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a). Pre-emption under section 301 has been interpreted by the courts to demand pre-emption when the application of state law requires the interpretation of a collective-bargaining agreement or when the state law claim is "inextricably intertwined" with the CBA. *See Thomas v. LTV Corp.*, 39 F.3d 611, 616–17 (5th Cir.1994). However, it is equally well established that a state law claim will not be preempted when the claim only tangentially involves the collective bargaining agreement and is not inextricably intertwined with the agreement. *See id.* Therefore, if Plaintiff's claims are inextricably intertwined with the CBA, then section 301 of the LMRA pre-empts the state-law claims and the court will have removal jurisdiction.

Pre-emption under section 301 with regard to workers' compensation retaliation claims has been addressed on many occasions by the courts. In *Lingle v. Norge Division of Magic Chef, Inc.*, 486 U.S. 399, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988), the Supreme Court was presented with a claim for state-law retaliatory discharge for the plaintiff filing a workers' compensation claim. In concluding that section 301 did not preempt plaintiff's claim, the Court held that "the state-law remedy in this case is 'independent' of the collective-bargaining agreement in the sense of 'independent' that matters for § 301 pre-emption purposes: resolution of the state-law claim does not require construing the collective-bargaining agreement." *Id.* at 407, 108 S.Ct. 1877. The Court continued by stating that:

> [E]ven if dispute resolution pursuant to a collective-bargaining agreement, on the one hand, and state law, on the other, would require addressing precisely the same set of facts, as long as the state-law claim can be resolved without interpreting the agreement itself, the claim is 'independent' of the agreement for § 301 pre-emption purposes.

*Id.* at 410, 108 S.Ct. 1877. The Court reached this conclusion by looking at the elements of a workers' compensation retaliation claim and determining that a retaliatory discharge claim is a factual question pertaining to the conduct of the employee and the motivation of the employer in discharging or discriminating against the employee, which would not require a court to interpret the CBA. *See id.* at 407, 108 S.Ct. 1877.

The Fifth Circuit has followed the analysis of *Lingle* finding that pre-emption generally does not apply to workers compensation retaliation claims. In *Jones v. Roadway Express, Inc.*, 931 F.2d 1086, *reh'g denied,* 936 F.2d 789 (5th Cir.1991), the Fifth Circuit followed *Lingle* and found that the plaintiff's claim was not preempt-

ed by section 301.[1] In making its determination, the Fifth Circuit found that a court is required to analyze the elements of the tort at issue to determine if the elements of that tort require CBA interpretation. *See id.* at 1090. The court found that for a plaintiff to prevail on a claim arising under Texas Labor Code Section 451.001[2] it must show "a causal link between his discharge and his claim for workers' compensation." *Id.* The court has consistently held this "causal link" to be a factual issue that does not require CBA interpretation. Recently in *Trevino v. Ramos*, 197 F.3d 777 (5th Cir.1999), the court followed its reasoning in *Roadway* and held that "[t]he primary issue in this case is the factual question of motivation: Did the defendant fire the plaintiffs in retaliation for filing worker's compensation claims? The answer to this question is not dependent on an interpretation of the CBA." *Id.* at 781. Further, the court has held that "we do not require that the CBA be irrelevant to the dispute; either party may still use the CBA to support the credibility of its claims." *See Roadway,* at 1090.

The court has distinguished *Roadway* in a series of cases where the plaintiff has specifically called into question a provision in a CBA. In *Bagby v. General Motors Corp.*, 976 F.2d 919 (5th Cir.1992), the court found that the plaintiff's claim was pre-empted by section 301. The *Bagby* court found that the plaintiff "asserts that acts unquestionably taken in accordance with provisions of the CBA were nonetheless tortious" and a determination will require interpretation of the CBA. In accordance with *Bagby*, the court in *Medrano v. Excel Corp.*, 985 F.2d 230 (5th Cir.1993), found that the plaintiff "was not challenging the actions of his employers under section [451.001]; instead, he was challeng-

ing a provision of the CBA that was applied by his employer." *Id.* at 234. Also, in *Thomas v. LTV Corp.*, 39 F.3d 611 (5th Cir.1994), the court found that the plaintiff's claims were pre-empted because the plaintiff's only stated ground for his complaint was the misinterpretation of a provision of the CBA. *See id.* at 621.

### III. DISCUSSION

The issue before this court for determination is whether the court has removal jurisdiction over this case on the basis that section 301 of the LMRA pre-empts the Plaintiff's retaliatory discharge claim under section 451.001 of the Texas Labor Code. Specifically, the court must determine if the Plaintiff's state-law claim is inextricably intertwined with the CBA.

Defendant argues that Plaintiff's claim is inextricably intertwined because of certain language contained in Plaintiff's complaint and because he relied upon sections of the CBA in filing a grievance with Defendant. Essentially, the Defendant's argument is that this case is similar to the *Medrano, Bagby,* and *Thomas* cases in that Plaintiff is relying on the CBA or requires an interpretation of the CBA to support his claim.

The language in Plaintiff's complaint upon which Defendant bases its argument is that on April 27, 1999 the "Defendant told him they no longer had work for Plaintiff to do and effectively terminated Plaintiff. Defendant took Plaintiff off of work in spite of their knowledge that there was work at the plant that Plaintiff could perform." Plaintiff's Complaint, at pp. 2. Defendant argues that this statement concerning the availability of work for Plaintiff requires interpretation of the CBA.

---

1. This is not the first opportunity for this court to address the issues presented in this case. Previously in *Fuller v. Temple–Inland Forest Products Corp.*, 942 F.Supp. 307 (E.D.Tex.1996), this court followed *Roadway* and found, under the facts presented, that the retaliatory discharge claim was not pre-empted and remanded the case to state court.

2. At the time *Roadway* was decided, section 451.001 was still codified in article 8307c, sec 1, of the Texas Revised Civil Statutes Annotated.

In following the standard set by the Fifth Circuit for this type of case, the court must look at the elements of the cause of action to determine if the case will require CBA interpretation. As stated by the Fifth Circuit, the question in this type of retaliatory discharge case is whether part of Defendant's motivation for discharging the Plaintiff was the Plaintiff's filing of workers' compensation claims. *See Trevino*, at 781. Whether Defendant did or did not have work for Plaintiff, while relevant to the case, is not a dispositive issue for pre-emption purposes. The Fifth Circuit has held that "[t]he plaintiff does not need to prove that he was discharged solely because of his proceeding with his workers' compensation claim; he need prove only that his claim was a determining factor in his discharge." *Roadway*, at 1090. Further, "[t]he trial court has to ascertain if retaliation was among the reasons" for which the Plaintiff was dismissed. *Id.* The Defendant "may have other reasons, even reasons which the CBA justified, for dismissing [Plaintiff]." *Id.* But if retaliation is determined to be a factor in Plaintiff's dismissal, then interpretation of the CBA is not inextricably intertwined with the Plaintiff's state-law claim. *See id.* The Fifth Circuit in an opinion denying rehearing of the *Roadway* case, stated that "[a]s our original opinion explained, however, [defendant] may have fired [plaintiff] for employment reasons which the CBA justified. But if it also fired him in anticipation of his filing a workers' compensation claim, [plaintiff] can recover damages." *Jones v. Roadway Express, Inc.,* 936 F.2d 789, 791 (5th Cir. 1991) (denying rehearing).

■ Plaintiff does not have to prove that there was work for him at the plant. He has to prove that his filing of workers' compensation claims was a determining factor in his discharge. That being so, the Defendant is still free to use the CBA to support the credibility of its defenses.

However, the use of the CBA in that manner will not cause the state-law claims to become inextricably intertwined with the CBA to require pre-emption.

■ Defendant also argues that Plaintiff's case is actually a complaint concerning specific provisions of the CBA disguised as a workers' compensation retaliation claim. In essence, the Defendant is arguing that since Plaintiff filed a grievance with Defendant alleging violations of the CBA he cannot now claim that the CBA is not inextricably intertwined with his state-law claims. To accept this argument, this court would have to find that the Plaintiff's actions, through the union-prescribed grievance procedures, foreclose the Plaintiff from pursuing his legal remedies in the courts. This court will not make such a finding and is of the opinion that this argument is in direct contradiction to the Fifth Circuit's holding in *Roadway*.

The *Roadway* court held that it does not matter whether the state court has to decide precisely the same issues and analyze the same facts as would an arbitrator in a grievance proceeding, "so long as resolving the state-law claim without interpreting the CBA is possible." *Roadway*, at 1089. This statement by the Fifth Circuit shows that a plaintiff can pursue multiple avenues of relief. Further, nothing contained in the cases cited by the Defendant would prohibit a plaintiff from pursing his claims in different forums on distinct legal theories.

Additionally, in *Roadway*, prior to filing his retaliation claim, the plaintiff filed a grievance which was denied by the grievance committee. As in *Roadway*, the Plaintiff in this case filed a grievance and then filed a state-law retaliatory discharge claim. Although the court in *Roadway* did not address the exact issue this court is presented with in this case, it is clear from the Fifth Circuit's decision that a plaintiff

is allowed to pursue alternate channels of relief. And, those alternate channels can be a grievance proceeding pursuant to a CBA and a state-law retaliatory discharge claim.

In reviewing Plaintiff's complaint, the court finds that the Plaintiff does not rely on the CBA and in fact does not mention the CBA in his complaint. Further, there is no evidence before the court at this time that would show that Plaintiff is relying on the CBA to support his retaliatory discharge claim. The court finds that the complaint is based solely on section 451.001 of the Texas Labor Code and not on an interpretation of the CBA. The determination of a section 451.001 claim requires a determination as to whether the Defendant had a retaliatory or discriminatory motive for discharging Plaintiff. This determination is not inextricably intertwined with the CBA. *See Roadway*, at 1090. Therefore, Plaintiff's state-law retaliatory discharge claim will not require interpretation of the CBA. Accordingly, the court is of the opinion that Plaintiff's claim is not pre-empted by section 301, and therefore, this court has no removal jurisdiction over this matter.

It is therefore ORDERED that Plaintiff's Motion to Remand should be GRANTED and this case should be REMANDED to the 136th Judicial District Court of Jefferson County, Texas.

It is so ORDERED.