United States Court of Appeals,

Fifth Circuit.

No. 95-20646.

Raymond REECE, Plaintiff-Appellant,

v.

HOUSTON LIGHTING & POWER COMPANY, Defendant-Appellee.

April 10, 1996.

Appeal from the United States District Court for the Southern District of Texas.

Before BARKSDALE, DeMOSS and PARKER, Circuit Judges.

ROBERT M. PARKER, Circuit Judge:

## I. FACTS AND PROCEEDINGS BELOW

Reece is an employee of HL & P, subject to a collective bargaining agreement (CBA) which contains a mandatory grievance and arbitration procedure. Reece filed suit against HL & P in state court, alleging that, on the basis of his race, he was (1) denied promotions and training; (2) retaliated against for engaging in a protected activity; and (3) subjected to the intentional infliction of emotional distress. Reece never filed a grievance under the CBA, and the time for doing so has run.

HL & P answered and removed the case to federal court. The district court denied Reece's motion to remand, concluding that § 301 of the Labor Management Relations Act (LMRA) preempted Reece's causes of action. *See* 29 U.S.C. § 141, *et seq.* The district court then granted HL & P's motion for summary judgment, finding that Reece's claims were barred because of his failure to exhaust his mandatory administrative remedies under the CBA.

1

Reece appeals only the remand issue.

## II. ANALYSIS

At issue is whether the district court properly concluded that § 301 of the LMRA preempted Reece's claims. Preemption is a question of law reviewed de novo. *Baker v. Farmers Elec. Coop., Inc.,* 34 F.3d 274, 278 (5th Cir.1994). If the resolution of Reece's claims will require "interpretation" of the CBA, then the state-law remedies upon which Reece relies are preempted by § 301 of the LMRA. *Lingle v. Norge Div. of Magic Chef, Inc.,* 486 U.S. 399, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988). Thus, the dispute is whether the CBA must be interpreted in resolving Reece's claims.

A. *Discrimination Claim:*

To establish a *prima facie* case of discrimination under the Texas Labor Code, Reece would have to prove that he (1) was a member of a protected class; (2) suffered an adverse employment action; and (3) was treated dissimilarly from non-protected employees. *Farrington v. Sysco Food Serv., Inc.,* 865 S.W.2d 247, 251 (Tex.App.—Houston [1st Dist.] 1993, writ denied). If Reece were to establish a *prima facie* case, HL & P would then have the burden of articulating a legitimate, non-discriminatory reason for the allegedly unequal treatment. *Id.* Then the burden would shift back to Reece to prove that the articulated reason was a pretext for unlawful discrimination. *Id.*

Reece's discrimination claim turns on questions of promotion, seniority, and assignment to training programs, all of which are provided for in the CBA. HL & P will undoubtedly rely on the CBA

as its legitimate, non-discriminatory reason for Reece's treatment. When Reece then attempts to show that HL & P's stated reason is pretextual, the CBA would have to be interpreted because Reece would have to challenge HL & P's rights under the CBA.  Thus, the interpretation of the CBA "is made necessary by an employer defense."  Rebecca Hanner White, *Preemption of State Law Claims: A Model for Analysis,* 41 Ala.L.Rev. 377, 427 (1989).

B. *Intentional Infliction of Emotional Distress Claim:*

For Reece to sustain his claim of intentional infliction of emotional distress under Texas law, he must prove that (1) HL & P acted intentionally or recklessly;  (2) HL & P's conduct was extreme and outrageous;  (3) such conduct caused emotional distress;  and (4) such distress was severe.  *Baker,* 34 F.3d at 280.  In order to evaluate whether HL & P's conduct was "outrageous," the conduct must be measured against the CBA.

Thus, the resolution of Reece's claims will require interpretation of the CBA.  Therefore, the claims are pre-empted by § 301 of the LMRA.

We acknowledge that the Ninth Circuit has taken a much more lenient view of preemption of state law discrimination claims. *See, e.g., Ramirez v. Fox Television Station, Inc.,* 998 F.2d 743, 748 (9th Cir.1993) ("In every case in which we have considered an action brought under the California Employment Act, we have held that it is not preempted by section 301.") (collecting cases). Nevertheless, we find that *Lingle* mandates our analysis.

This result is strengthened by the policies behind preemption

in this context.  The Supreme Court has recognized the unique need for uniformity in the interpretation of labor contracts:

> The possibility that individual contract terms might have different meanings under state and federal law would inevitably exert a disruptive influence upon both the negotiation and administration of collective agreements. Because neither party could be certain of the rights which it had obtained or conceded, the process of negotiating an agreement would be made immeasurably more difficult by the necessity of trying to formulate contract provisions in such a way as to contain the same meaning under two or more systems of law which might someday be invoked in enforcing the contract....  The ordering and adjusting of competing interests through a process of free and voluntary collective bargaining is the keystone of the federal scheme to promote industrial peace.  State law which frustrates the effort of Congress to stimulate the smooth functioning of that process thus strikes at the very core of federal labor policy.

*Local 174, Teamsters v. Lucas Flour Co.,* 369 U.S. 95, 103-04, 82 S.Ct. 571, 577, 7 L.Ed.2d 593 (1962) (citations omitted).

Reece argues that the right to be free of discrimination is a non-negotiable state-law right that cannot be altered or waived by agreement.  Nevertheless, *Lingle* forecloses such an argument: "It is conceivable that a State could create a remedy that, although nonnegotiable, nonetheless turned on an interpretation of a collective-bargaining agreement for its application.  Such a remedy would be pre-empted by § 301."  *Lingle,* 486 U.S. at 407 n. 7, 108 S.Ct. at 1882 n. 7.  The situation described by the *Lingle* Court is the situation presented in this case.

The district court's denial of the motion to remand is therefore AFFIRMED.