**Terry FULLER, Plaintiff,**

v.

**TEMPLE–INLAND FOREST PRODUCTS CORPORA-TION, Defendant.**

**No. 1:96–CV–379.**

United States District Court, E.D. Texas, Beaumont Division.

Oct. 18, 1996.

Gregg M. Rosenberg, Ian Scharfman of Gregg Rosenberg & Associates, Houston, TX and Carl Waldman of Grossman & Waldman L.L.P., Beaumont, TX, for Plaintiff.

Gilbert Irvine Low and John W. Newton III of Orgain Bell & Tucker, Beaumont, TX, for Defendant.

## *MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO REMAND*

SCHELL, Chief Judge.

Before this court is Plaintiff's Motion to Remand. Defendant filed a response. Upon consideration of the motion, response, and memoranda of law, this court is of the opin-

ion that Plaintiff's motion should be GRANT-ED.

## BACKGROUND

On November 8, 1995, Terry Fuller ("Plaintiff") brought this action against Temple–Inland Forest Products Corporation ("Defendant") in state court. In his state court petition, Plaintiff alleged that Defendant violated Texas Labor Code § 451 (the successor to TEX.REV.CIV.STAT.ANN. art. 8307c, § 1) by retaliating against him for filing a workers' compensation claim. Plaintiff alleged that Defendant retaliated against him by repeatedly placing him in work positions adverse to his medical condition and by not allowing him to return to work. On June 18, 1996, Defendant removed the case on the basis that (1) adjudication of Plaintiff's claims requires an interpretation of the collective bargaining agreement ("CBA") between Plaintiff's union and Defendant and (2) accordingly Plaintiff's claims are preempted by Section 301 of the Labor Management Relations Act ("LMRA"). Defendant argues that although the action was not initially removable, the action became removable when Plaintiff testified at his deposition to facts establishing that his claims would involve an interpretation of the CBA.

On July 11, 1996, Plaintiff filed a motion to remand. Plaintiff argues that the action was improperly removed because his claim is only a retaliatory discharge claim under state workers' compensation laws and therefore not removable under 28 U.S.C. § 1445(c). Defendant responds that, nevertheless, Plaintiff's claim is "inextricably intertwined" with the CBA and will require an interpretation of the CBA. The court must determine whether there is a basis for removal jurisdiction over this action.

## APPLICABLE STANDARDS FOR REMOVAL

■ A district court may exercise removal jurisdiction over an action if it could have originally been filed in federal court.[1] 28 U.S.C. § 1441(a). A district court has original jurisdiction of "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Where removal jurisdiction is predicated on the existence of a federal question, the federal question generally must appear on the face of the plaintiff's complaint." *Baker v. Farmers Elec. Coop., Inc.*, 34 F.3d 274, 278 (5th Cir.1994). "The removing defendant's interjection of a federal defense is normally insufficient to remove the case." *Id.* "One exception to this rule, however, occurs where an area of state law has been completely preempted by federal law." *Id.* "Controversies involving collective bargaining agreements, where section 301 of the LMRA, 29 U.S.C. § 185(a), provides the grounds for preemption, constitute such an area of preemption." *Id.*

■ LMRA preemption can occur even though 28 U.S.C. § 1445(c) provides that "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." *See Jones v. Roadway Express, Inc.*, 931 F.2d 1086, 1089–91 (*"Roadway I "*), *reh'g denied*, 936 F.2d 789 (5th Cir.1991) (*"Roadway II "*). Section 1445(c) "reflects a strong congressional policy that where the state court has been utilized by one of the parties in the state compensation machinery, the case should remain in the state court for its ultimate disposition." *Id.* at 1091 (internal quotation marks omitted). "Convinced that compensation cases have little real business in a federal court, [the Fifth Circuit] has been reluctant to strain to find a way to entertain workmen's compensation suits." *Id.* (internal quotation marks omitted).

■ If a plaintiff's state law claim is "inextricably intertwined" with a CBA, then section 301 of the LMRA preempts the state law claim and there is a basis for removal jurisdiction. *Roadway I*, 931 F.2d at 1089. Section 301 of the LMRA states:

Suits for violation of contracts between an employer and a labor organization repre-

---

1. The removing party bears the burden of establishing the basis for jurisdiction. *Asociacion Nacional de Pescadores v. Dow Quimica de Colom-*

bia S.A., 988 F.2d 559, 563 (5th Cir.1993), *cert. denied*, 510 U.S. 1041, 114 S.Ct. 685, 126 L.Ed.2d 653 (1994).

senting employees in an industry affecting commerce . . . or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties. 29 U.S.C. § 185(a). In *Lingle v. Norge Division of Magic Chef, Inc.,* 486 U.S. 399, 409–10, 108 S.Ct. 1877, 1883, 100 L.Ed.2d 410 (1988), the Supreme Court stated:

> [E]ven if dispute resolution pursuant to a collective-bargaining agreement, on the one hand, and state law, on the other, would require addressing precisely the same set of facts, as long as the state-law claim can be resolved without interpreting the agreement itself, the claim is "independent" of the agreement for § 301 preemption purposes.

The Court then "held that section 301 preempts an application of state law 'only if such application requires the interpretation of a collective-bargaining agreement.'" *Roadway I,* 931 F.2d at 1089 (quoting *Lingle,* 486 U.S. at 413, 108 S.Ct. at 1885).

In *Roadway I,* the Fifth Circuit explained the *Lingle* and other applicable preemption standards:

> [S]ection 301 preempts an application of state law only if such application requires the interpretation of a collective-bargaining agreement. . . . Congress did not intend that section 301 should preempt state rules that proscribe conduct, or establish rights and obligations, independent of a labor contract. . . . Even when . . . a CBA provides a remedy for a retaliatory discharge that may also violate state law, the existence or the contours of the state-law violation need not depend upon the terms of the CBA. . . . That the state court would have to decide precisely the same issue and analyze the same facts as would the arbitrator does not matter so long as resolving the state-law claim without interpreting the CBA is possible. . . .
>
> This court has stated that section 301 preemption occurs when resolution of a dispute is *substantially* dependent upon analysis of the terms of the collective bargaining agreement. . . . A plaintiff's state

law claims will not be preempted, even when they are intertwined with a CBA, so long as they are not inextricably intertwined with it. . . . Indeed, either party may use a CBA to support the credibility of its claims.

*Roadway I,* 931 F.2d at 1089 (internal quotation marks and citations omitted) (emphasis in original).

In *Roadway I,* Jones, a truck driver, brought a state retaliatory discharge claim under article 8307c (the predecessor of Texas Labor Code § 451) against his employer, Roadway. *Id.* at 1087. Jones was injured on the job and missed a few weeks of work. Roadway had issued a written warning to Jones that he would be dismissed if he failed to work on his driving assignments. After failing to report for work, Roadway fired Jones. Jones then filed a grievance under the CBA, but the grievance committee denied his grievance. Thereafter, Jones filed a workers' compensation claim and a suit against Roadway in state court alleging claims under article 8307c and the CBA. Roadway removed the state-court action on the basis that section 301 of the LMRA preempted Jones's claims. *Id.* After Jones elected to pursue only his retaliatory discharge claim, the district court dismissed Jones's case, holding that the Texas election-of-remedies doctrine foreclosed his retaliatory discharge claim absent an allegation of a breach of the duty of fair representation. *Id.* at 1088.

The Fifth Circuit reversed and remanded the case to state court. *Roadway I,* 931 F.2d at 1092. The Fifth Circuit determined that the district court erred in concluding that the Texas election-of-remedies doctrine barred Jones from bringing a claim for retaliatory discharge under article 8307c. *Id.* The Fifth Circuit also determined that section 301 of the LMRA did not preempt Jones's retaliatory discharge claim under article 8307c. *Id.* The Fifth Circuit reasoned that in determining whether a retaliatory discharge occurred in violation of article 8307c, the trial court would not have to interpret the CBA. *Id.* at 1090. The Fifth Circuit explained:

> As in *Lingle,* the basic issue in this case is whether a retaliatory discharge occurred.

Resolution of this issue does not require an interpretation of the CBA. The trial court has to ascertain if retaliation was among the reasons for which Roadway dismissed Jones.... *Roadway may have had other reasons, even reasons which the CBA justified, for dismissing Jones. But if retaliation was a factor, then for the purposes of Jones' article 8307c claim, an interpretation of the CBA is not inextricably intertwined with the state-law claim.* As this court has earlier noted, however ... we do not require that the CBA be irrelevant to the dispute; either party may still use the CBA to support the credibility of its claims.

*Id.* (internal quotation marks and citations omitted) (emphasis added).

## DISCUSSION

The issue for determination is whether the court has removal jurisdiction over this case on the basis that section 301 of the LMRA preempts the Plaintiff's retaliatory discharge claim under section 451 of the Texas Labor Code. Specifically, the court must determine if Plaintiff's state-law claim is inextricably intertwined with the CBA.

■ The case at bar is analogous to *Roadway I.* As in *Roadway I,* the Plaintiff here is alleging only a state-law claim, retaliatory discharge and discrimination. Section 451 of the Texas Labor Code is nearly identical to article 8307c that was alleged by Jones in *Roadway I. Compare* TEXAS LABOR CODE § 451 *with* TEX.REV.CIV.STAT.ANN. art. 8307c, § 1. Under section 451, the central issue is whether the Plaintiff was discriminated against or discharged in retaliation for filing a workers' compensation claim. The resolution of this issue is not inextricably intertwined with the CBA. Reference to the CBA is not necessary to determine if retaliation was among the reasons for Defendant's employment actions with respect to Plaintiff. As explained in *Roadway I,* Defendant "may have had other reasons, even reasons which the CBA justified, for dismissing [Plaintiff]. But if retaliation was a factor, then for the purposes of [Plaintiff's section 451] claim, an interpretation of the CBA is not inextricably intertwined with the state-law claim." *Road-*

*way I,* 931 F.2d at 1090. Accordingly, section 301 of the LMRA does not preempt Plaintiff's retaliatory discharge claim under section 451, and the court does not have removal jurisdiction over this action.

Defendant relies on a number of decisions in which courts determined that a plaintiff's state-law claims were preempted: *Reece v. Houston Lighting & Power Co.,* 79 F.3d 485 (5th Cir.), *cert. denied,* —— U.S. ——, 117 S.Ct. 171, 136 L.Ed.2d 112 (1996); *Thomas v. LTV Corp.,* 39 F.3d 611 (5th Cir.1994); *Baker v. Farmers Elec. Coop., Inc.,* 34 F.3d 274 (5th Cir.1994); *Medrano v. Excel Corp.,* 985 F.2d 230 (5th Cir.), *cert. denied,* 510 U.S. 822, 114 S.Ct. 79, 126 L.Ed.2d 47 (1993). These cases, however, are distinguishable. In *Reece* and *Baker,* the plaintiffs did not allege retaliatory discharge claims but rather claims of race discrimination (*Reece* only) and intentional infliction of emotional distress (*Reece* and *Baker*). *See Reece,* 79 F.3d at 486; *Baker,* 34 F.3d at 280. *Roadway I* requires that a court analyze the specific elements of the state-law claim at issue. *Roadway I,* 931 F.2d at 1089. On this analysis, the *Reece* and *Baker* courts determined that the unique elements of a race discrimination claim and an intentional infliction of emotional distress claim would require the plaintiff to rely on an interpretation of the CBA. *See Reece,* 79 F.3d at 487; *Baker,* 34 F.3d at 280.

In *Thomas* and *Medrano,* the plaintiffs relied solely on the CBA to support their retaliatory discharge claims. *See Thomas,* 39 F.3d at 621; *Medrano,* 985 F.2d at 233–34. In the case at bar, the Plaintiff does not rely on the CBA in his complaint, and his deposition testimony does not explicitly indicate that a provision of the CBA is the sole basis of his retaliatory discharge claim. Even assuming that the Plaintiff's deposition testimony indicates that he is relying on the CBA to support his claim of retaliatory discharge, Plaintiff has a separate claim of discrimination in job assignments that is independent of the CBA. In responding to an argument similar to the one made by Defendant here, the Fifth Circuit in *Roadway II* stated: "As our original opinion explained, however, Roadway may have fired Jones for

employment reasons which the CBA justified. But if it also fired him in anticipation of his filing a workers' compensation claim, Jones can recover damages." *Roadway II*, 936 F.2d at 791.

■ Plaintiff requests an award of attorney's fees and expenses incurred by him in connection with his motion to remand. Section 1447(c) provides that an "order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Although a district court has discretion in determining whether to award attorney's fees, it must consider whether the case was improperly removed. *See Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir.1993). Attorney's fees and expenses may be awarded without a finding of bad faith or vexatious, wanton, or oppressive conduct. *Penrod Drilling Corp. v. Granite State Ins. Co.*, 764 F.Supp. 1146, 1147 (S.D.Tex.1990). Although removal of this action was not proper, Defendant had a good faith argument for the removal of this action. Accordingly, an award of attorney's fees and expenses under section 1447(c) is not appropriate under the unique circumstances of this case.

### CONCLUSION

Therefore, Plaintiff's Motion to Remand is hereby GRANTED, and this case shall be REMANDED to the 1st Judicial District Court of Jasper County, Texas. Plaintiff's request for attorney's fees and expenses under 28 U.S.C. § 1447(c) is hereby DENIED.