**Betty McCALL, Brenda Williams and Gregory Woods,**

v.

**Ronald McQUEEN, Augie Panks, John Stanley and Lockheed Martin Corporation d/b/a Lockheed Martin Aeronautical/Logistical Systems.**

Civil Action No. 96–3617.

United States District Court, E.D. Louisiana.

Feb. 27, 1997.

93. *See* Exhibit 7 at 6.

Marion Dean Floyd, Law Office of Marion D. Floyd, Metairie, LA, for plaintiffs.

Barbara Rynidker Evans, Anne Elizabeth Bendernagel, Evans & Associates, New Orleans, LA, for defendants.

### ORDER AND REASONS

BERRIGAN, District Judge.

This matter is before the Court based upon defendants Lockheed Martin, Ronald McQueen, Augie Panks and John Stanley's motion for summary judgment. Having considered the parties' memoranda, the record, and the law, this Court finds that the motion should be GRANTED in part and DENIED in part.

Plaintiffs filed this action in state court one year after they were laid off alleging that their former employer, defendant Lockheed Martin, discriminated against them in violation of the Louisiana Fair Employment Practices Act, ("LFEPA"), LA.Rev.Stat. 23:1006, et seq. (West 1996), and the Louisiana Human Rights Act ("LHRA"), LA.Rev.Stat. 51:2231, et seq. (West 1996). Plaintiffs also assert claims for negligent and intentional

infliction of emotional distress ("IIED") against defendants Ronald McQueen, Augie Panks and John Stanley, who are Lockheed Martin employees.

Defendants removed the matter to this Court on the grounds that plaintiffs' state law claims are inextricably linked to the terms of the labor contract between Lockheed Martin and the union and therefore completely preempted by § 301 of the Labor Management Relations Act ("LMRA").

Defendants present two arguments in their motion: (1) all of plaintiffs' claims are preempted by § 301 of the LMRA and (2) all the § 301 claims are time barred.

Plaintiffs' opposition memorandum does not contest defendants' preemption claim and addresses only the second issue of whether the § 301 claims are time barred. Plaintiffs argue that the six-month limitations period does not apply because their dispute is over the manner in which they were hired and eventually fired by Lockheed Martin rather than its adherence to the collective-bargaining agreement ("CBA"). Therefore, plaintiffs argue that this Court should apply the most closely analogous statute of limitations period under state law.

**Analysis**

**I.   Standard of Review**

Summary judgment is appropriate if the record discloses that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The party seeking summary judgment bears the initial burden of informing the court of the basis for its motions and identifying those portions of the pleadings, depositions, answers to interrogatories, admissions of file, and affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Once a proper motion has been made, the non-moving party may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts showing the existence of a genuine issue of fact for trial. *Celotex*, 477 U.S. at 322–23, 106 S.Ct. at 2552–53. Factual ques-

tions and inferences are viewed in the light most favorable to the nonmovant. *Rogers v. Int'l Marine Terminals, Inc.*, 87 F.3d 755, 758 (5th Cir.1996). Summary judgment is mandated if the nonmovant fails to make a showing sufficient to establish the existence of an element essential to her case on which she bears the burden of proof at trial. *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552.

**II.   Preemption under Section 301**

Section 301 of the LMRA provides the requisite jurisdiction and remedies for individual employees covered under a CBA between the individual's employer and the union. *Thomas v. LTV Corp.*, 39 F.3d 611 (5th Cir.1994) (citing *Landry v. Cooper/T. Smith Stevedoring Co., Inc.*, 880 F.2d 846, 850 (5th Cir.1989)). The Supreme Court has consistently applied the principle that a state law claim is preempted if that action hinges upon the interpretation and meaning of the CBA. *Lingle v. Norge Div. of Magic Chef*, 486 U.S. 399, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988); *Allis–Chalmers Corp. v. Lueck*, 471 U.S. 202, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985); *Teamsters v. Lucas Flour Co.*, 369 U.S. 95, 82 S.Ct. 571, 7 L.Ed.2d 593 (1962). Therefore, if the resolution of the state law claim cannot be made without an interpretation of the CBA, the claim is inextricably intertwined with the agreement and thus preempted by § 301. *Lingle*, 486 U.S. at 407–10, 108 S.Ct. at 1882–83 (1988). Equally well-recognized, however, is the principle that claims only tangentially involving provisions of the CBA are not preempted by § 301. *Thomas*, 39 F.3d at 617 (5th Cir.1994) (citing *Lingle*, 486 U.S. at 409–11, 108 S.Ct. at 1883–84 (1988)). To be "independent" of the CBA and thus not preempted under § 301, the resolution of the state law claim must turn on purely factual questions not touching upon the terms of the CBA. *Lingle*, 486 U.S. at 407–10, 108 S.Ct. at 1882–83 (1988).

In *Reece v. Houston Lighting & Power Co.*, 79 F.3d 485 (5th Cir.1996), the Fifth Circuit held that an employee's discrimination suit under the Texas labor code was preempted by the LMRA where the claims turned on questions of promotion, seniority,

and assignment to training programs, all of which were provided for in the CBA. In *Reece,* an employee, covered under a CBA, brought state discrimination and intentional infliction of emotional distress claims against his employer. *Id.* at 486. The employer had both claims removed to federal court. *Id.* The district court concluded that § 301 preempted the claims and granted summary judgment. *Id.* The Fifth Circuit affirmed holding that the employer would undoubtedly rely on the CBA as its legitimate, non-discriminatory reason for its employment decision and thus the discrimination claim hinged upon the interpretation of the CBA. *Id.* at 487. Likewise, the employee's IIED claim would also require the interpretation of the CBA to determine if the employer's conduct was extreme and outrageous. *Id.*

Similarly, plaintiffs' discrimination and IIED claims turns on questions of seniority, transfers, and assignments all of which are covered by the CBA. Lockheed Martin's CBA with the union provides that the union is the "exclusive representation for all production and maintenance employees of the Company at the Michoud Assembly Facility in New Orleans." *See* Aff. of Al Labat. Plaintiffs, who are African–American, were employed as production employees at the Michoud Assembly Facility and therefore covered under the CBA. Plaintiffs allege in their complaint that defendant Lockheed Martin discriminated against them when it transferred plaintiffs into the small components division while less-senior white employees were allowed to remain in the large components division. Plaintiffs assert that it was commonly known that less work existed in the small components division and thus they were more vulnerable to being laid off. Plaintiffs further allege that defendants McQueen, Panks and Stanley conspired to discriminate against plaintiffs by shifting plaintiffs into the small components and protected the less-senior white employees by reclassifying their status to insulate them from being laid off.

Plaintiffs' grievances are covered under Article V of the CBA. Article V of the CBA provides for the use of seniority rights and privileges in the layoff, recall and assignment of all bargaining unit employees, including the reclassification, transfers and temporary duty assignment. While defendants do not discuss *Reece,* the Fifth Circuit's reasoning has strong application to this matter. For example, even if plaintiffs were able to establish a prima facie case of discrimination under LFEPA or the LHRA, Lockheed Martin will undoubtedly rely upon the CBA as its legitimate, non-discriminatory reason to rebut plaintiffs' claim of discrimination. Furthermore, if Lockheed Martin failed to follow the procedures provided for in the CBA, plaintiffs' could use the CBA as evidence of pretext. Thus, the interpretation of the CBA appears clearly central in the determination of plaintiffs' discrimination claim.

Likewise, plaintiffs' IIED claim against Lockheed Martin employees McQueen, Panks, and Stanley also hinges upon the interpretation of the CBA. Similar to Reece, plaintiffs must prove that defendants McQueen, Panks, and Stanley's conduct was extreme and outrageous. To evaluate whether the conduct meets the burden, it must be measured against the CBA. Therefore, both the discrimination and the IIED claims are preempted by § 301. Thus, summary judgment is appropriate regarding this issue.

### III. *Statute of Limitations*

Plaintiffs filed this action one year after they were laid off. Defendants assert that plaintiffs' § 301 claims are time barred under the six-month limitations period applicable to hybrid § 301 suits. Plaintiffs contend that this Court should apply the analogous state statute of limitations.[1]

The LMRA does not provide a specific statute of limitations for claims brought under § 301. There has been some confu-

---

1. Plaintiffs cite to *Martin v. District No. 1—Marine Engineers' Beneficial Assoc.,* et al 1994 WL 34044 (E.D.La.1994), 67 F.E.P. Cases 1198, where Judge Duplantier held that the six-month limitations period did not apply. *Martin,* however-

er, is distinguishable because the employee's dispute was with the labor union's internal procedure and unrelated to the collective bargaining agreement.

sion as to which statute of limitations applies to such claims. As a general rule, when a federal statute fails to provide a statute of limitations, courts should apply the most closely analogous statute of limitation under state law. *DelCostello v. Int'l Brotherhood of Teamsters*, 462 U.S. 151, 158, 103 S.Ct. 2281, 2287, 76 L.Ed.2d 476 (1983). The closest analogous statute of limitations under Louisiana law for a § 301 claim would be the ten-year statute of limitations for a breach of contract claim. Defendants argue, however, that this Court should apply the six-month statute of limitations for hybrid/ § 301 claims as promulgated by the Supreme Court in *DelCostello*. In *DelCostello*, the Supreme Court held that hybrid/ § 301 claims are governed by a six-months statute of limitations under section 10(b) of the NLRB because there was no close analogy in state law. "A 'hybrid' action comprises of two interdependent causes of action. First, the union member employee alleges that the employer violated [§ 301] by breaching the collective bargaining agreement. Second, the employee claims that the union breached its duty of fair representation by mishandling the ensuing grievance and arbitration proceedings." *Reed v. United Transp. Union*, 488 U.S. 319, 328, 109 S.Ct. 621, 627, 102 L.Ed.2d 665 (1989). As the Fifth Circuit has stated in *Daigle v. Gulf State Utilities Co.*, 794 F.2d 974, 976 (5th Cir.1986), "in essence the hybrid/ § 301 fair representation suit is brought in order to set aside a final and binding determination of a grievance..it is, therefore, a direct challenge to the private settlement of disputes under the collective bargaining agreement." The Supreme Court felt that under these circumstances, there was no analogous statute of limitations under state law and held that the six-month statute of limitations period under section 10(b) of the NLRB was more appropriate. *DelCostello*, 462 U.S. at 165, 103 S.Ct. at 2291.

However, this Court finds that *DelCostello's* analysis on hybrid/ § 301 claims does not apply to this case.[2] First, unlike *DelCostello*, plaintiffs in this case do not allege that their union failed to fairly represent them nor have they named the union as a party to the suit. Secondly, plaintiffs are not seeking to vacate an arbitration award which would trigger a hybrid claim. Lastly, the copy of the CBA submitted by defendants is unclear whether the grievance and arbitration proceeding is the exclusive and final remedy or even mandated. In *Daigle*, the Fifth Circuit held that when "a collective bargaining agreement does not provide that the grievance and arbitration procedure is the exclusive and final remedy for breach of contract claims, the employee may sue his employer in federal court under § 301 and the state statute of limitations applicable to contract breaches applies." *Daigle*, 794 F.2d 974, 977 (citing *United Auto Workers v. Hoosier Cardinal Corp.*, 383 U.S. at 704, 86 S.Ct. at 1112; *Smith v. Kerrville Bus Co.*, 748 F.2d 1049 (5th Cir.1984)).

This Court finds that plaintiffs' claims are straightforward § 301 claims and thus not subject to the six-month statute of limitations. In *United Auto. Workers v. Hoosier Cardinal Corp.*, 383 U.S. 696, 704–705, 86 S.Ct. 1107, 1112–1113, 16 L.Ed.2d 192 (1966), the Supreme Court held that straightforward section § 301 suits alleging solely a breach of contract should be governed by the most closely analogous statute of limitations under state law. Plaintiffs' complaint alleges that Lockheed Martin discriminated against them by transferring plaintiffs to a division where they would be vulnerable to layoffs while protecting less-senior white employees. Because plaintiffs are covered by the CBA and their transfer-related claims are based upon the CBA, plaintiffs are essentially alleging that Lockheed Martin breached the CBA. *See Daigle v. Gulf State Utilities Co.*, 794 F.2d 974 (5th Cir.1986). Therefore, this action is a straightforward breach of contract claim against the defendants under § 301 and governed by the appropriate state statute of limitations. As such, this Court finds that the applicable statute of limitations is the ten-year statute of limitations for breach of contract under Louisiana law. LA. Civ.

---

2. Defendant also cite *Barrow v. N.O. Steamship Assn.*, 10 F.3d 292 (5th Cir.1994), as authority for their assertion that Plaintiffs' claims are time barred. In *Barrow*, the Fifth Circuit held that hybrid/ § 301 claims are subject to the six-months statute of limitations. However, like *DelCostello*, *Barrow's* analysis on hybrid/ § 301 claims are inapplicable to this matter.

Code Art. 3499 (West 1996). Thus, plaintiffs' claims have not prescribed.

Accordingly,

IT IS ORDERED that defendants' motion for summary judgment is GRANTED regarding § 301 preemption of plaintiffs' state law claims. Defendants' motion for summary judgment is DENIED regarding prescription of plaintiffs' § 301 claims.