**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 97-10873
Summary Calendar

RONALD BLANKENSHIP,

Plaintiff-Appellant,

VERSUS

ATCHISON, TOPEKA, & SANTA FE
RAILROAD COMPANY,

Defendant-Appellee.

Appeal from the United States District Court
For the Northern District of Texas
Fort Worth Division

(4:97-CV-124-Y)

March 18, 1998

Before REYNALDO G. GARZA, STEWART, and PARKER, Circuit Judges.

PER CURIAM:^

This case comes from a decision of the United States District Court for the Northern District of Texas, Fort Worth Division, the Honorable Terry R. Means, presiding. The district court dismissed the case against the Defendant-Appellee, the Atchison, Topeka, & Santa Fe Railroad Company ("the Railroad"). The Plaintiff-Appellant, Ronald Blankenship ("Blankenship"), timely appealed, and the matter now lies before this circuit.

^Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## Background

Blankenship worked for the Railroad for twenty-five years, and he lives in Barstow, California. Blankenship is a Diesel Locomotive Machinist and a member of the International Association of Machinists and Aerospace Workers ("the Union"). The terms of Blankenship's employment are governed by a Collective Bargaining Agreement ("CBA") between the Railroad and the Union.

As part of his job, Blankenship is occasionally asked to move locomotives in and out of the building in which the locomotives are repaired, a practice known as "hostling." As a hostler, Blankenship was covered under the Hours of Service Act ("the Service Act"), 45 U.S.C. §61-64(b), which requires the random drug testing of covered employees. If Blankenship was required to hostle a locomotive on a given day, his name would be shown on a specific "Hours of Service Report" at the locomotive terminal. Even if he was not listed for hostling on a given day, his name was in the database of workers subject to the Service Act, and hence, drug testing, under the requirements of the Railroad's drug and alcohol policy.

On January 9, 1995, Blankenship reported for work. His name was not included on any report showing him to have hostling duties that day. Nevertheless, Blankenship's supervisor informed

2

him that he was subject to a random drug test, and he would be required to produce a urine sample. Blankenship assented to this and presented himself for testing. Blankenship, despite having ingested a quantity of liquids, was unable to produce a sample. The next day, as instructed by the Railroad, Blankenship reported to a doctor chosen by the Railroad, in order to determine whether Blankenship's inability to produce a sample was medically justified, or constituted a refusal to test. Blankenship refused this exam, stating that he did not know this physician, and he would be willing to have a medical exam performed by his own physician. The Railroad declined this offer. Incidentally, a subsequent drug test, performed by Blankenship's physician, showed no evidence of illegal drugs in his system.

The Railroad proceeded with an investigation of Blankenship (as provided for and required by the CBA), and dismissed Blankenship for alleged violations of the Railroad's drug and alcohol policy. Blankenship contended that his selection for drug testing and his subsequent firing was improper, and he appealed his dismissal to a Public Law Board. Approximately two years later, Blankenship prevailed in the decision of Public Law Board No. 5816, and he was awarded his net lost wages.

On January 9, 1997, Blankenship filed suit against the Railroad in the District Court of Tarrant County, Texas (the site of the Railroad's headquarters), seeking damages for intentional infliction of emotional distress. The Railroad moved for removal

3

to federal court, and removal was granted.  The Railroad then filed a motion to dismiss, and Judge Means granted the motion on the grounds that the Railway Labor Act ("RLA"), 45 U.S.C. §151, *et seq.*, preempted the state law claims, and on the alternative grounds that the elements for the state law claims were not met. Blankenship timely appealed, and we affirm the decision of the district court on the grounds that preemption was appropriate.[1]

## Standard of Review

Preemption is a question of law reviewed *de novo.*  *Reece v. Houston Lighting & Power Company*, 79 F.3d 485, 487 (5th Cir. 1996), *cert. denied*, 117 S.Ct. 171 (1996).  This circuit reviews *de novo* a district court's dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788 (5th Cir. 1996).

## Analysis

This case turns on the preemption issue.  The question of jurisdiction, while argued separately by the Plaintiff-Appellant, is intertwined with the preemption issue, because if preemption is proper, then jurisdiction is proper as well.  If the state law

---

[1]We do not pass on whether dismissal was appropriate on the grounds that the elements of the state law claims of intentional infliction of emotional distress were not met.  This case should not be cited for the proposition that we passed on that issue, one way or another.

4

claim was completely preempted by the RLA, then federal question jurisdiction exists, and this case was properly removed to federal court.  *Anderson v. American Airlines, Inc.*, 2 F.3d 590, 594 (5th Cir. 1993).

There are two categories of disputes under the RLA, major and minor.  Minor disputes are those which arise from disputes from grievances or from the interpretation or application of agreements regarding pay, working conditions, or work rules.  *Id.* at 594.  The RLA's arbitral remedy is mandatory and exclusive for minor disputes, and state law claims that involve these disputes are preempted.  *Id.; see also Consolidated Rail Corp. v. Railway Labor Executives' Ass'n*, 491 U.S. 299, 303-304 (1989) ("*Conrail*");  *Hawaiian Airlines v. Norris*, 512 U.S. 246, 253-256 (1994).  "The distinguishing characteristic of a minor dispute is that it 'may be conclusively resolved by interpreting the existing [collective bargaining] agreement.'"  *Anderson*, 2 F.3d at 595 (citing *Conrail*, 491 U.S. at 305).

The Supreme Court has stated that the determination of whether a dispute is a minor one, and hence, whether its resolution by an RLA system board preempts an alternative cause of action, is to be determined using the same analysis employed in determining whether a cause of action is preempted by Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §158.  *Hawaiian Airlines*, 512 U.S. at 263.  Under Section 301,

the key in determining whether a claim is preempted is whether that claim depends on an interpretation of the collective bargaining agreement. *Id.* at 262-263; *see also Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 405-406 (1987).

In the instant case, any analysis of whether the Railroad's actions were improper must depend upon an interpretation of the CBA. The questions of whether the drug testing and dismissal were proper can only be answered by consultation with and interpretation of the CBA. Therefore, the claims are preempted by the RLA, under the precedent cited. Further, we find no error in the district court's decision that the Railroad met its burden in persuading the district court that its drug testing policy and subsequent actions were justified by the terms of the CBA. Accordingly, we affirm the decision of the district court.

## Conclusion

Based on the foregoing, we find no reversible error in the decision of the district court, which dismissed the case against the Defendant-Appellee. Therefore, we AFFIRM the decision of the district court.

AFFIRMED.