**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 97-41493

AGUSTINA TREVINO, HERMINIA HERRERA,
BEATRIZ OLIVAREZ AND GLORIA GUAJARDO,

Plaintiffs-Appellants,

versus

LEVI STRAUSS & CO.,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Texas

December 7, 1999

Before EMILIO M. GARZA and PARKER, Circuit Judges, and COBB, District Judge.[1]

ROBERT M. PARKER, Circuit Judge:

Plaintiffs appeal the district court's denial of their motion to remand. Because plaintiffs' claim for retaliatory discharge is not pre-empted by federal law and because 28 U.S.C. § 1445(c) (1994) precludes removal of claims arising under the workers' compensation laws of any state, we find that the district court erred in denying plaintiffs' motion to remand. REVERSED.

I.    **FACTUAL HISTORY AND PROCEEDINGS BELOW.**

---

[1] District Judge of the Eastern District of Texas, sitting by designation.

-1-

Plaintiffs[2] complaint alleges that they were discharged for exercising their rights under the Texas Workers' Compensation Act. Defendant counters that plaintiffs were discharged in accordance with policies outlined in its Collective-Bargaining Agreement ("CBA") with plaintiffs' union. Plaintiffs' original complaint asserted claims for intentional infliction of emotional distress[3] and retaliatory discharge. The defendant removed the case to federal court. The district court denied plaintiffs' motion to remand because "[a]t the critical time of removal, plaintiffs' state court petition asserted at least one claim [intentional infliction of emotional distress] that was completely preempted by federal law and thus the entire case was properly removable."

Defendant subsequently filed motions for summary judgment based on the merits of plaintiffs' claims. The district court granted defendant's motions and dismissed plaintiffs' claims with prejudice because of a lack of evidence of a causal connection between plaintiffs' terminations and their assertion of workers' compensation rights.

---

[2] All named plaintiff-appellants will be referred to collectively as plaintiffs.

[3] This claim is no longer a part of plaintiffs' complaint. After the case was removed to federal court, plaintiffs moved for leave to file amended pleading that eliminated the intentional infliction of emotional distress claim.

Plaintiffs appeal the judgment of the district court. Specifically, plaintiffs argue that the trial court erred in denying Plaintiff-Appellants' Motion to Remand, and in retaining jurisdiction over this case.

## II.  PRE-EMPTION.

### A.  Section 301 of LMRA.

Section 301 of the Labor Management Relations Act (LMRA) states:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . or between any such labor organizations, may be brought in any district court in the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a) (1994).

The intent of LMRA's pre-emptive reach is to fashion a uniform body of law regarding collective bargaining agreements and other labor contracts.  In *Teamsters v. Lucas Flour Co.*, 369 U.S. 95, 103 (1962), the Supreme Court held that "the subject matter of § 301(a) is particularly one that calls for uniform law."  The Court's discussion of the policy behind § 301's pre-emptive scope bears repeating:

> The possibility that individual contract terms might have different meanings under state and federal law would inevitably exert a disruptive influence upon both the negotiation and administration of collective agreements.  Because neither party could be certain of the rights which it had obtained or conceded, the process of negotiating an agreement would be made immeasurably more difficult by the necessity of trying to formulate contract provisions in such a way as to contain the same meaning under two or more systems of law which might someday be invoked in enforcing the contract. . . .

> The importance of the area which would be affected by separate systems of substantive law makes the need for a single body of federal law particularly compelling. The ordering and adjusting of competing interests through a process of free and voluntary collective bargaining is the keystone of the federal scheme to provide industrial peace.

*Lucas Flour*, 369 U.S. at 103-04, *quoted with approval in Lingle v. Norge Div. of Magic Chef*, 486 U.S. 399, 404 n.3 (1988).

The principle of § 301 pre-emption developed in *Lucas Flour* can be stated as follows: "[I]f the resolution of a state-law claim depends upon the meaning of a collective-bargaining agreement, the application of state law (which might lead to inconsistent results since there could be as many state-law principles as there are States) is pre-empted and federal labor-law principles--necessarily uniform throughout the Nation--must be employed to resolve the dispute." *Lingle*, 486 U.S. at 405-06.

**B.    Section 451.001 of the Texas Labor Code.**

Pursuant to Texas statute, "A person may not discharge or in any other manner discriminate against an employee because the employee has . . . filed a workers' compensation claim in good faith." TEX. LABOR CODE ANN. § 451.001(1) (West 1997). As noted above, § 301 pre-empts application of a state law "only if such application requires the interpretation of a collective-bargaining agreement." *Lingle*, 486 U.S. at 413. Thus, if the resolution of plaintiffs' claims of retaliatory discharge under § 451.001 does not require interpretation of the CBA, they are not pre-empted.

In order to recover under § 451.001, an employee must show

that the employer's discriminatory action "would not have occurred when it did had the worker's compensation claim not been filed." *Stevens v. National Educ. Centers, Inc.*, 990 S.W.2d 374, 380 (Tex. App.--Houston [14th Dist.] 1999, writ requested) (citing *Continental Coffee Prods. Co. v. Cazarez*, 937 S.W.2d 444, 450 (Tex. 1996)). This purely factual question centers on the employee's conduct and the employer's motivation. "Neither of [these] elements requires a court to interpret any term of a collective-bargaining agreement." *Lingle*, 486 U.S. at 407.

To defend against a claim of retaliatory discharge, an employer must show that it had a non-retaliatory reason for the discharge. This question also does not "turn on the meaning of any provision of a collective-bargaining agreement." *Id.*

> In a retaliatory discharge case, "[a]s the Supreme Court pointed out in Lingle, the court's task is complete . . . when it determines, as a factual matter, whether the employer's motivation for the discharge was the employee's filing of a worker's compensation claim or some other motive." If it determines that retaliation was not a motive, it does not need to determine whether other motives were legitimate or whether the CBA justified them.

*Jones v. Roadway Express, Inc.*, 936 F.2d 789, 791-91 (5th Cir. 1991) ("*Roadway* II"); *see also Jones v. Roadway Express, Inc.*, 931 F.2d 1086, 1090 (5th Cir. 1991) ("*Roadway* I") (citation omitted) ("[W]e do not require that the CBA be irrelevant to the dispute; either party may still use the CBA to support the credibility of its claims.").

Even if the plaintiffs' retaliatory discharge claim implicated the CBA, that fact would not necessarily require pre-emption of the claim. "[C]laims only tangentially involving

-5-

provisions of collective-bargaining agreements are not preempted by section 301." *Thomas v. LTV Corp.*, 39 F.3d 611, 617 (5th Cir. 1994); *see also Livadas v. Bradshaw*, 512 U.S. 107, 123 (1994) ("[W]hen the meaning of contract terms is not the subject of dispute, the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished."). "A plaintiff's state law claims will not be preempted even when they are 'intertwined' with a CBA, so long as they are not 'inextricably intertwined' with it.". *Roadway* I, 931 F.2d at 1089  In other words, pre-emption occurs when resolution of a state claim is inextricably intertwined with consideration of terms of the labor contract or when the application of a state law to a dispute requires interpretation of the collective-bargaining agreement.

Defendants argue that a finding of pre-emption is mandated by our decision in *Reece v. Houston Lighting & Power Co.*, 79 F.3d 485 (1996).  As noted by the district court, applying defendant's analysis requires the unjustified conclusion that the *Reece* court overruled our holding in *Roadway* I.

> The present case involves the same type of retaliatory discharge workers' compensation claim brought under the same Texas statute, which has now been recodified as Texas Labor Code § 451.  In contrast, the decision in Reece addressed whether the LMRA preempted a different provision of the Texas Labor Code prohibiting racial discrimination in employment.  The Reece court did not cite Roadway and nothing in the opinion suggests that the court intended to modify, let alone overrule, the decision in Roadway.  Unless and until the Fifth Circuit revisits its Roadway holding, that precedent is binding on this Court.

(Memorandum Order, June 5, 1997 at 2).

-6-

Interpretation of the CBA is not necessary for the resolution of this case.  The primary issue in this case is the factual question of motivation: Did the defendant fire the plaintiffs in retaliation for filing worker's compensation claims?  The answer to this question is not dependent on an interpretation of the CBA.

Plaintiffs have an independent right to file workers' compensation claims without fear of losing their jobs.  As we previously stated:

> [T]he right to be free from retaliatory discharge for pursuing workers' compensation exists for Jones, as it did for the employee in Lingle, independently of the CBA.  *The right originates in the statute which Texas has enacted to protect employees seeking compensation for work-related injuries.  It does not depend on any right or duty originating in the CBA.*  Jones' right would exist even if there were no CBA.  The right that Jones claims accrues to employees "as individual workers, not as members of a collective organization."

*Roadway* I, 931 F.2d at 1090 (emphasis added) (citations omitted); *cf. Lingle*, 486 U.S. at 411 ("[T]here is nothing novel about recognizing that substantive rights in the labor relations context can exist without interpreting collective bargaining agreements.").

Plaintiffs' retaliatory discharge claims do not require interpretation of the CBA for resolution, therefore, they are not pre-empted by § 301 of the LRMA.

**III. REMAND OF THE RETALIATORY DISCHARGE CLAIM.**

Having established that plaintiffs' retaliatory discharge claim is not pre-empted, we now turn to the issue of whether the district court properly denied plaintiffs' motion to remand.

-7-

Although the question confronting us is whether the case should be remanded to state court, rather than whether the defendant properly removed the case to federal court, the issue of removal controls our analysis. *See Roadway* I, 931 F.2d at 1091.

In an effort to control the ever-increasing flow of compensation cases into already strained federal dockets, Congress declared such actions non-removable.

> A civil action in any State court arising under the workmens' compensation laws of such State may not be removed to any district court of the United States.

28 U.S.C. 1445(c) (1994). This section "reflects a strong congressional policy that where the state court has been utilized by one of the parties in the state compensation machinery, the case should remain in the state court for its ultimate disposition." *Kay v. Home Indemnity Co.*, 337 F.2d 898, 902 (5th Cir. 1964). We remain convinced that workmen's compensation cases "have little real business in a federal court," and have therefore, been reluctant "to strain to find a way to entertain" such suits. *Id.* at 901.[4]

In *Sherrod v. American Airlines, Inc.*, we held that "1445(c) prohibits the removal of any state worker's compensation claims." 132 F.3d 1112, 1118 (5th Cir. 1998) This bright-line rule is consistent with the wording of § 1445(c). *See Roadway* I, 931 F.2d at 1092 ("Because Congress intended that all cases arising under a state's workers' compensation scheme remain in state

---

[4] We have already held that a claim filed under § 451.001 is one "arising under the workers' compensation law" for purposes of § 1445(c). *See Roadway* I, 931 F.2d at 1092.

court, we believe that we should read section 1445(c) broadly to further that purpose."). In that vein, we find that the district court erred in denying plaintiffs' motion to remand their retaliatory discharge claim.[5]

**IV. Conclusion.**

For the foregoing reasons, we REVERSE the district court's order denying plaintiffs' motion to remand and REMAND this case to the district court with instructions to remand to the state court. In addition, we VACATE the district court's ruling on the causal connection between plaintiffs' terminations and their workers' compensation claims.

---

[5] After reversing the district court's order denying the plaintiffs' motion to remand, the issue of whether the district court erred by granting defendant's motion for summary judgment regarding the merits of plaintiffs' claims becomes moot.