Carlos MORENO, Plaintiff,

v.

**STP NUCLEAR OPERATING COMPANY, Defendant.**

**No. Civ.A. G–01–516.**

United States District Court,
S.D. Texas,
Galveston Division.

Oct. 30, 2001.

858

Gordon R. Cooper, II, Cooper & Cooper, Houston, TX, for Plaintiff.

Inez M. McBride, Matthews & Branscomb, San Antonio, TX, for Defendant.

### ORDER DENYING PLAINTIFF'S MOTION TO REMAND

KENT, District Judge.

In this action, Plaintiff Carlos Moreno ("Moreno") brings claims of employment discrimination and intentional infliction of emotional distress against his former employer, Defendant STP Nuclear Operating Company ("STP"). Now before the Court is Plaintiff's Motion to Remand, filed September 21, 2001. For the reasons articulated below, Plaintiff's Motion is **DENIED.**

### I.

Moreno filed his original petition in this matter on July 13, 2001, in the 130th District Court of Matagorda County, Texas. STP removed the action to this Court on August 24, 2001, on the basis that a portion of Moreno's claims are covered under the collective bargaining agreement ("CBA") between STP and the International Brotherhood of Electrical Workers Local Union No. 66 ("IBEW"). STP's Notice of Removal argues that Moreno's state law claims are preempted by section 301 of the Labor Management Relations Act ("LMRA"), under which the Court would have original jurisdiction pursuant to 28 U.S.C. § 1441(b). Moreno argues for remand on the basis that, although he was a bargaining unit employee at STP, his Complaint makes no claims under the CBA, and furthermore, does not reference the CBA at all. Specifically, he argues that the duties STP allegedly breached arise under the Texas Labor Code, not under the CBA.

Section 301 of the LMRA provides federal jurisdiction over "[s]uits for violations of contracts between an employer and a labor organization representing employees in an industry affecting commerce ... or between any such labor organizations." 29 U.S.C. § 185(a). The Fifth Circuit has stated that "[i]f the resolution of [the plaintiff's] claims will require 'interpretation' of the CBA, then the state-law remedies upon which [the plaintiff] relies are preempted by § 301 of the LMRA." *Reece v. Houston Lighting & Power Co.,* 79 F.3d 485, 487 (5th Cir.1996) (citing *Lingle v. Norge Div. Of Magic Chef, Inc.,* 486 U.S. 399, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988)).

*Reece* involved a claim for discriminatory promotion brought pursuant to the Texas Labor Code. *See id.* at 486. The employment relationship between the parties was governed by a collective bargaining agreement, which contained provisions concerning policies on promotion. *See id.* at 487. The Fifth Circuit concluded that a federal question was present, and hence jurisdiction existed, because the defendant-employer would "undoubtedly" defend by relying upon the collective bargaining agreement, the interpretation of which is governed by the LMRA. *Id.*

As justification for its decision, the *Reece* court cited the Supreme Court's recognition of "the unique need for uniformity in the interpretation of labor contracts," and specifically cited *Local 174, Teamsters v. Lucas Flour Co.,* 369 U.S. 95, 103–04, 82 S.Ct. 571, 577, 7 L.Ed.2d 593 (1962), for the proposition that "[t]he possibility that individual contract terms might have different meanings under state and federal law would inevitably exert a disruptive *in-*

*fluence* upon both the negotiation and administration of collective agreements." *Reece,* 79 F.3d at 487–88.

▮▮▮ Therefore, under *Reece,* if Plaintiff's claims or the defenses to be raised would necessitate interpretation under the CBA, the Court must retain jurisdiction notwithstanding the fact that the Complaint itself does not reference the CBA. *See also Dearing v. Sigma Chem. Co.,* 1 F.Supp.2d 660, 663 (S.D.Tex.1998) (Kent, J). However, if Plaintiff's claims or the defenses to be raised and the collective bargaining agreement are only tangentially related, LMRA preemption is lacking. *See Allis–Chalmers Corp. v. Lueck,* 471 U.S. 202, 211, 105 S.Ct. 1904, 1911, 85 L.Ed.2d 206 (1985) ("... [N]ot every dispute ... tangentially involving a provision of a collective bargaining agreement, is pre-empted by § 301 ..."); *See also Jones v. Roadway Express, Inc.,* 931 F.2d 1086, 1089 (5th Cir.1991) (stating that section 301 preemption arises when resolution of a dispute is *"substantially* dependent" upon analysis of the terms of the collective bargaining agreement). State law claims and defenses will not be preempted, even if they are "intertwined" with the collective bargaining agreement, so long as they are not "inextricably intertwined" with it. *See Jones,* 931 F.2d at 1089 (citing *Wells v. Gen. Motors Corp.,* 881 F.2d 166, 175 n. 20 (5th Cir.1989)).

## II.

▮▮▮ In this lawsuit, Moreno alleges that STP purposefully and knowingly failed to promote him to the position of temporary or permanent supervisor on the basis of his national origin, even though he was qualified for both positions. Moreno maintains that by refusing to promote him because of his Mexican ancestry, STP committed unlawful employment *discrimination* under Tex.Lab.Code § 20.051.[1]

The CBA between STP and IBEW, a lengthy document detailing the terms and conditions of employment, seniority and placement in temporary positions, was in effect for bargaining unit employees at all times while Moreno was working for STP. The Parties do not dispute that decisions regarding promotions to permanent supervisory positions fall outside the scope of the CBA. Decisions regarding promotions to temporary supervisory positions, however, fall squarely within the guidelines of the CBA.[2] In its Response to Moreno's Motion to Remand, STP states that it "will rely on the CBA as its legitimate non-discriminatory reason for not placing Plaintiff in a temporary supervisor position." (STP's Resp. to Pl.'s Mot. to Remand ¶ 9.) Accordingly, Moreno's allegations that he was denied a temporary supervisory position because of his national origin directly relate to STP's duties under the CBA, and STP's defense to his

1. To establish a *prima facie* case of discrimination under the Texas Labor Code, Moreno would have to prove that he (1) was a member of a protected class; (2) suffered an adverse employment action; and (3) was treated dissimilarly from non-protected employees. *See Reece v. Houston Lighting & Power Co.,* 79 F.3d 485, 487 (5th Cir.1996) (citing *Farrington v. Sysco Food Serv., Inc.,* 865 S.W.2d 247, 251 (Tex.App.—Houston [1st Dist.] 1993, writ denied)). If Moreno were to establish a *prima facie* case, STP would then have the burden of articulating a legitimate non-discriminatory reason for the allegedly dissimilar treatment. *See Reece,* 79 F.3d at 487. Then the burden

would shift back to Moreno to prove that the articulated reason was a pretext for discrimination. *See id.*

2. Article 6, section 4 of the CBA provides in part: "When the company determines a need to fill a temporary assignment, the Company will request volunteers and select the senior volunteer(s) where skills, abilities and qualifications/certifications are equal. If there are not sufficient volunteers with the required skills, abilities and qualifications/certifications, the Company will select the employee with the least seniority." (CBA at 12–13.)

allegations will require an interpretation of STP's duties under that agreement. *Cf. Baker v. Farmers Elec. Coop. ., Inc.,* 34 F.3d 274, 280 (5th Cir.1994) (finding terms of collective bargaining agreement relevant to plaintiff's claims of intentional infliction of emotional distress); *Dearing,* 1 F.Supp .2d at 663 (finding terms of collective bargaining agreement relevant to plaintiff's negligence claim).

Moreno argues that § 301 does not preempt his claims in this case because his claims are only tangentially related to the CBA. In support of this argument, Moreno cites *Livadas v. Bradshaw,* 512 U.S. 107, 114 S.Ct. 2068, 129 L.Ed.2d 93 (1994). *Livadas,* however, is distinguishable on its facts. In that case, the only issue was whether the plaintiff was entitled to a penalty because the employer-defendant had failed to pay plaintiff's wages promptly upon discharge. *See id.* at 2079, 114 S.Ct. 2068. The Court held that absent any dispute over the penalty amount, as defined by the collective bargaining agreement in force between the parties, the simple need to refer to wage rates in the agreement did not extinguish the plaintiff's state law claim. *See id.* at 2079 ("... [T]he mere need to 'look to' the collective bargaining agreement for damages computation is no reason to hold the state-law claim defeated by § 301.").

Unlike *Livadas,* where the Court merely consulted the collective bargaining agreement for a numerical wage rate, the CBA in the case at bar clearly governs a central issue to be litigated—whether the CBA provides STP with a valid nondiscriminatory reason for denying Moreno a promotion to temporary supervisor. *Reece* clearly holds that where the litigated issues are specifically covered in the CBA, preemption applies. Thus, because promotions to temporary supervisory positions are specifically covered by the CBA in effect between the Parties, Moreno's state law

claims regarding STP's refusal to make him a temporary supervisor are preempted by the LMRA. Specifically, because an interpretation of the CBA will be "made necessary by an employer defense," a federal question exists. *Reece,* 79 F.3d at 487. Moreno's remaining claims—relating to STP's refusal to promote him to a permanent supervisory position—stem from a common nucleus of operative fact and thus, are also within the subject matter jurisdiction of this Court under 28 U.S.C. § 1367(a). Accordingly, Plaintiff's Motion to Remand is hereby **DENIED.**

**IT IS SO ORDERED.**