IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20869
Summary Calendar

_____

BELINDA BARNES; ESTELLE BERNSTINE;
SHIRLEY COLTER; GLORIA CASTRO;
SHEILA CONES; ALTON COMIER; SHARON
DAVIS; TAMMY GREEN; GLORIA NUNEZ;
JANIE RAMIEZ; PRINCESS STEWART;
GENEVA THERAGOOD,

Plaintiffs-Appellants,

versus

NABISCO, INC.,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CV-2976
--------------------
February 25, 2003

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Appellants, former employees of Nabisco, Inc., appeal the district court's final judgment granting Nabisco's motion for summary judgment and dismissing the case with prejudice. The Employees argue on appeal that the district court erred in denying their motion to remand to state court their worker's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

compensation discrimination claim.  The district court correctly found that resolution of the Appellants' claim will require interpretation of the Collective Bargaining Agreement ("CBA") between the bakery employees and Nabisco and that their claim is preempted by § 301 of the Labor Management Relations Act, codified at 29 U.S.C. § 185.  See Reece v. Houston Lighting & Power Co., 79 F.3d 485, 487 (5th Cir. 1996).  Because the Appellants allege that Nabisco treated their request for severance pay differently than other employees' requests and their right to severance pay stems solely from the CBA, the Appellants' state law claim is "inextricably intertwined" with the terms of the CBA and is therefore preempted.  See Thomas v. LTV Corp., 39 F.3d 611, 616-17 (5th Cir. 1994).

AFFIRMED.